## DICKSON v. SHAW.

### September 29, 1838.

*Rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence.*

A. gave a check on a bank for value to B. for a certain sum payable at a future day, viz: January 7, 1838. To anticipate its payment, B. gave his note for the same amount and interest to A., payable on March 8, 1838, which A. endorsed, and had it discounted, and paid the proceeds over to B. A. engaged, in writing, to take up the note at its maturity, *but failed to do so.* *Held:*

1. That B. could not recover on the check against A.

2. That B. was not entitled to judgment on A.'s written engagement to "take up the note at maturity," as upon an instrument of writing for the payment of money under the act of 28th March, 1835.

THIS was an action brought to June term, 1838, No. 562. The plaintiff filed copies of the following papers, under the act of 28th March, 1835.

"$3,981 58.

"Philadelphia, 5th July, 1837.

Eight months after date we promise to pay Shaw, Brothers, or order, thirty-nine hundred and eighty-one dollars and fifty-eight cents, without defalcation, for value received.

No. 404.                 (Signed)          J. N. & L. Dickson.
                         (Endorsed)         Shaw, Brothers,
                                            E. T. Shaw.

Due 5—8 March, 1838."

"Philadelphia, 9th December, 1837.

Received from Messrs. J. N. & L. Dickson their note, dated 5th July, 1837, for thirty-nine hundred and eighty-one dollars and fifty-eight cents, which I will take up at maturity, being for my accommodation.

                         (Signed)          Edward T. Shaw

$3981 58.—Due 5—8 March, 1838."

[Dickson v. Shaw.]

"Philadelphia, 7th January, 1838.

Bank of the United States, pay to (on 7th January, 1838,) Messrs. J. N. & L. Dickson, or order, thirty-nine hundred and twenty-two dollars.

(Signed)          EDWARD T. SHAW.

$3922."

The defendant filed the following affidavit of defence:

"Edward T. Shaw, the defendant above named, being duly affirmed, deposes and says, that he has a defence to the whole of the plaintiff's claim in the above case, the nature and character of which is as follows, viz.: The check or instrument of writing, whereon the above suit is brought, a copy whereof is filed in this case, was given by the defendant to the plaintiff, on or about the 7th of December, 1837, but was dated and made payable on the 7th of January, 1838; soon after giving the said check or instrument of writing aforesaid, for the purpose of putting the plaintiffs into immediate possession of the amount thereof in cash, without obliging them to wait until its maturity, it was agreed between the said plaintiffs and defendant, that the plaintiffs should draw their promissory note to the defendant's order, for a sum sufficient to cover the amount of the above mentioned claim, and interest on the note, until its maturity, and that defendant should endorse the said note and get it discounted, and with the money so raised, pay the plaintiffs the amount of their above mentioned claim, whereupon the said check was to be null and void, and that the defendant should provide for said note at its maturity; accordingly, on the 12th December, 1837, the plaintiffs drew their promissory note to the order of the defendant, dated July 5th, 1837, a copy whereof is filed in this case, said note being for the amount of the aforesaid check and interest, and discount on the note. The parties intending said note to run but sixty days from the maturity of the said check, and wanting it to appear a business transaction between them, and it being generally known that the defendant usually sold on eight months' credit, are the reasons why the note was ante dated, as of July 5th, 1837, though it was actually made on 12th of December, 1837, as before stated. The defendant got the said promissory note discounted at bank, on the said 12th December, 1837, and immediately paid the proceeds, amounting to three thousand nine hundred and seventy-three

[Dickson v. Shaw.]

dollars and eighty-four cents, the discount having been taken off, to the plaintiff in full satisfaction of the aforesaid check. The defendant also giving to the plaintiffs his obligation to provide for said note at maturity, in conformity with their aforesaid agreement, and thereupon all liability of the defendant, on said check was fully satisfied, and null and void."

*F. W. Hubbell*, for plaintiff.
*Meredith*, for defendant.

PER CURIAM.—This rule must be discharged. There are two objections to giving judgment on the *check*, as the matter stands before the court. The proceeds were paid " in satisfaction of the check," and if that had not been averred, it does not appear that the check was ever presented for payment. Is then the receipt of the defendant for plaintiff's note, " which (he) will take up at maturity, being for (his) accommodation," an instrument of writing for the payment of money, under the act of 28th March, 1835, entitling plaintiffs to judgment in this stage of the case. We think not. It is to be observed that on the note *per se*, the plaintiffs could not recover, because they are the drawers, and the defendant is an endorser. Then the affidavit taken in connexion with the receipt, shows that the note was to be taken up or paid at bank, and not to be paid to plaintiffs at maturity. On a proper state of pleadings, the plaintiffs may recover, but we cannot grant the judgment asked for under the special provisions of the act of 1835. (See 6 *Watts* 183.)

Rule discharged.