Charles M. Hall *v.* Francis Blackburn, James M. Hall, Francis Blackburn, Jr., and Emil Baumblatt, Owners, and Emil Baumblatt, Contractor, Appellants.

*Mechanic's lien—Original construction— Wooden partition.*

A wooden partition eleven feet by eleven feet four inches erected for office purposes in a room in an old building is not a part of the original structure within the meaning of the mechanic's lien law.

A building was erected in 1878 to be used as a music hall. The building was subsequently leased, and the lease provided that improvements put upon the premises by the lessee should be left thereon upon the surrender of the premises. In 1887 plaintiff filed a mechanic's lien against the building. The bill of particulars appended to the lien averred that plaintiff had contracted "to partition off by a wooden partition, eleven feet by eleven feet four inches from one of the rooms in the building, on the premises, two hundred and sixty feet northward from the north side of Columbia avenue, a space of the foregoing dimensions for office purposes." At the trial of the scire facias the evidence as to the nature of the construction sustained the averment in the bill of particulars. The court charged that if the work done by the plaintiff was a part of the original building the verdict should be for the plaintiff. *Held*, to be error, as the work lacked every mark of being part of the original structure.

*Mechanic's lien—Payment into court.*

Payment into court by the owner of a building of the amount of a mechanic's lien, for the purpose of discharging the lien, is not an acknowledgment of the claimant's right of action.

Argued Jan. 9, 1896.    Appeal, No. 407, Jan. T., 1895, by defendants, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1887, No. 29, M. L. D., on verdict for plaintiff.    Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ.    Reversed.

Scire facias sur mechanic's lien.    Before FINLETTER, P. J.

The facts appear by the opinion of the Supreme Court.

The court charged as follows:

If the work done by the plaintiff was a part of the original building your verdict should be for the plaintiff.    If, however, it was simply repairs or alterations or an addition to the original building, your verdict should be for the defendants.

Verdict and judgment for plaintiff for $127.70.    Defendants appealed.

*Error assigned* was the charge of the court.

*Charles H. Downing,* for appellants.—The evidence was clear and convincing that the lien filed was for alterations and repairs to an old building, and not for the original erection and construction of a new one.    This evidence was undisputed.    It was plain error, therefore, to so charge that the jury might find the lien to have been filed for the original erection and construction of a building: Norris' App., 30 Pa. 122; Miller v. Hershey, 59 Pa. 64; Driesbach v. Keller, 2 Pa. 77; In re Howett, 10 Pa. 379; Smyers v. Beam, 158 Pa. 57.

*James R. Grier, Jay R. Grier* with him, for appellee.—The charge of the court left all the questions at issue at the time of trial to the jury, and was as correct as it was concise, under the evidence.

Payment of money into court is an acknowledgment of plaintiff's right of action: Saunder's Practice on Pleading and Evidence, 4th ed. 380; Tidd's Practice, 625; Elliot v. Lycoming Insurance Company, 66 Pa. 22.

OPINION BY Mr. JUSTICE DEAN, January 20, 1896:

In the year 1878, a building known as Casino Music Hall was erected by one Lauber on Broad street north of Columbia avenue, Philadelphia; afterwards, Francis Blackburn and James

M. Hall, two of these defendants, became the owners of it, and they, on the 18th of June, 1886, leased it to Emil Baumblatt for a term of three years at an annual rental of $600 for the first year and $1,200 for each of the remaining two years. There is no covenant on part of lessee to build or improve. There is, however, this stipulation: "All improvements put upon said premises by the said lessee are to be left thereon upon the surrender of said premises, and are to become the property of the said lessor. But nothing herein contained is to be taken as rendering the said lessor of the said premises liable for such improvements or for such repairs."

After being in possession nearly a year under his lease, Baumblatt employed Charles M. Hall, plaintiff, to do some work at the building, which was done, and Hall, not being paid therefor, he, on November 23, 1887, filed a mechanic's lien in the sum of $90.00 against the owners, joining with them Baumblatt as contractor. The bill of particulars appended to the lien avers, that Baumblatt contracted with Hall, "to partition off by a wooden partition, eleven feet by eleven feet four inches from one of the rooms in the building on the premises, two hundred and sixty feet northward from the north side of Columbia avenue, a space of the foregoing dimensions for office purposes."

In his testimony, plaintiff says, that by a wooden partition eleven feet by eleven feet four inches he partitioned one of the rooms. The whole work was done by the plaintiff in one day.

There was no evidence to contradict or in any way change or modify the statements in the lien or those made by plaintiff on the witness stand. On these facts, the learned judge of the court below submitted the case to the jury in the following charge: "If the work done by the plaintiff was a part of the original building, your verdict should be for the plaintiff. If however it was simply repairs or alterations or an addition to the original building, your verdict should be for the defendant."

The jury found for plaintiff and the owners appealed, assigning for error the submission to the jury to find a fact of which there was no evidence.

Was there any evidence from which the jury could find the work was part of the original structure? In Miller v. Hershey, 59 Pa. 64, it is said: "The idea which runs throughout all the cases is newness of structure in the main mass of the building

—that entire change of external appearance which denotes a different building from that which gave place to it, though into the composition of the new structure some of the old parts may ·have entered. This newness of structure must be in the exterior, the main plan of the building, and not in its interior arrangements."

This work, it seems to us, lacked every mark of being part of the original structure, and whether viewed as a whole or in its particulars, was a trival alteration; the finding was not only without evidence, but was in the face of the plaintiff's own evidence.

It was not alleged by plaintiff that he had brought himself within either of the acts authorizing a lien for alterations or repairs contracted for by a tenant with the consent of or notice to the owner.

The owners, for purpose of discharging the lien, paid the amount of it into court to await determination of the issue on sci. fa. This, it is argued, was an acknowledgment of plaintiff's right of action. Whatever may have been the legal consequence of such payment in ancient pleading, no such effect as is claimed here is longer given it. As is said by SHARSWOOD, J., in Elliot v. Ins. Co., 66 Pa. 22:

" It waives the benefit of no defense, even if such defense be to the whole. It seems, therefore, that after payment of money into court, there may be nonsuit, a judgment as in case of a nonsuit, a demurrer to evidence, or a plea of puis darrein continuance, in short, that the cause goes on substantially in the same manner as if the money had not been paid in at all; in other words, the defendant is not precluded by it from taking a defense which goes to the whole cause of action."

The judgment is reversed.