## E. L. Grable, Appellant, *v.* George Helman and Lida Ellen Helman, his wife.

*Mechanic's lien—Old or new building—Distinction.*

Where the structure of a building is so completely changed that in common parlance it may properly be called a new building or rebuilding, it comes within the lien law.

Where, under the evidence, a court might have decided that it is a case of a building erected within the meaning of the lien law, a nonsuit is improper.

*Mechanic's lien—Old or new building—Question for jury.*

A broom factory subsequently used as a carpenter shop was altered into a dwelling house and many changes, additions and transformations effected both externally and within. The testimony was to the effect that the building has the general appearance of a new building altogether different from what it was, the external changes indicating newness of structure. *Held,* that the question should have been submitted to the jury.

Argued April 21, 1897.   Appeal, No. 150, April T., 1897, by plaintiff, from judgment of C. P. Westmoreland Co., Aug. T., 1894, No. 1531, refusing to take off compulsory nonsuit.   Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.   Reversed.

Sci. fa. sur mechanic's lien.   Before McCONNELL, J.

The facts sufficiently appear in the opinion of the court below and the opinion of the Superior Court.   The opinion of the court below is as follows:

There can be no question about the law of this case.   In order that the plaintiff may be able to sustain his lien he must show such a change of structure of the building in question as to constitute it, in common parlance, a new building.   This change must be due to a change of structure, and such change must be manifested by the external appearance of it.   A change due to the building, being devoted to a different use, or a change of the interior arrangement of the building not manifest in the external structure, will not suffice.

The lien purports to be, and in point of fact must be, for materials furnished in and about the " erection and construction " of a building.

[" Structure " can only mean one thing, i. e., form, manner of building or construction.] [1]   A change of structure of course would mean a change of such form, manner of building or construction.   The outline of this building was not changed, except by the addition of a porch or portico.   Some changes were made in the windows and the doors, some new material used in the end, two flues instead of one were furnished for a chimney, but the general contour of the building remained substantially the same.   The building lines were the same; the dimensions were unchanged.

[If the use of the building had not been changed from shop to dwelling house and a coat of paint had not been put on the structure, there would have been little indication, to the eye of an external observer, that there had been there " erected or constructed " a new building.

We don't think any one would have called it a new building, or even a reconstructed building.] [2]   Of course a change of

use from shop to dwelling house would give it a different appearance, but that is not a change of structure.

It is argued that because some of the witnesses said it looked like a new building and to all intents and purposes was a new building, etc., that therefore the court was in error in entering the nonsuit.

[We need only say that as opinions merely, such statements have no value at all. Testimony, such as we were entitled to have in a case of this kind, must deal with facts and not with opinions.] [3] Witness cannot be allowed to thus usurp the functions of court or jury. They could probably say, as matter of description, in summing up the totality of effect produced by the changes of structure about which they had testified, that it looked like a new building. But even if that be admissible we must still look quite through that descriptive phrase and see that the substance under it is change of structure and not change of use, or something else that does and constitute " erection, construction or reconstruction." We must look at the facts the phrase is supposed to describe, and see whether, in whole or in part, they are things which do not constitute erection or construction, for if they do not the mere use of the phrase must not cheat us into allowing them to serve that purpose in the disposition of the case.

It is not contended that the case should have been submitted to the jury to determine whether the changes testified about amounted to a new erection, unless the question be a doubtful one. The authorities clearly hold that where the facts are ascertained or undisputed, it is for the court to determine what does or does not constitute new buildings : Norris's App., 30 Pa. 122 ; Armstrong v. Ware, 20 Pa. 519 ; Patterson v. Frazier, 123 Pa. 414.

[There could be no controversy about the facts at the close of plaintiff's testimony. The facts of the case were such as they appeared to be from the plaintiff's own testimony. Taking them to be such we can reach no other conclusion than that the changes did not amount to a new erection.] [4]

[And now January 30, 1897, the motion to take off the nonsuit is refused.] [5]

The court below directed judgment of nonsuit which it subsequently on motion refused to take off. Plaintiff appealed.

*Errors assigned* were (1–4) refusing to take off the nonsuit for the reason assigned in the opinion of the court below, reciting same.

*Jno. D. Gill*, with him *Spiegel & McGeary*, for appellant.— The old shop was but a shell or hull of a building and to convert it into a comfortable six-roomed dwelling house, was such a reconstruction or rebuilding, using parts of the old building and materials, as brings it within the Act of June 16, 1836, P. L. 695 : Nelson v. Campbell, 28 Pa. 156 ; Harman v. Cummings, 43 Pa. 322; Armstrong v. Ware, 20 Pa. 519.

The great test is how it would appear to intending purchasers who know nothing about the old building or the changes made upon it. The party about to file a lien, as well as lien creditors and intending purchasers at judicial sales must apply this test : Miller v. Hershey, 59 Pa. 64.

" It is but fair that the building should present to the eye that external change indicating newness of structure, which is calculated to put purchasers, mortgagees, and other lien creditors upon an inquiry for liens." See also Patterson v. Frazier, 123 Pa. 414.

*V. E. Williams*, for appellee, submitted no paper-book.

OPINION BY REEDER, J., July 23, 1897 :

This is an action upon a sci. fa. upon a mechanic's lien. The question for determination in the court below under the pleading was whether the building was an old or a new structure, there having been no notice at the time the work was begun of an intention upon the part of the plaintiff to file a mechanic's lien. A compulsory nonsuit was entered by the court below upon the ground that the plaintiff's proofs disclosed that there was not such a change of structure in the building as to constitute it a new building.

The building that was altered was a broom factory, afterward used as a carpenter shop, two stories high, without lining or plastering, stairways, partitions, halls or porch. The shop was altered by the plaintiff to a two-story six-room dwelling house, one end wall of the foundation being taken down, rebuilt with a chimney of three flues resting upon it, all the weatherboarding taken off at one end and one half of it on the other end, and new weatherboarding put on, studding taken out, new ones put

in, all the windows and door frames taken out, the windows interchanged, some of the old openings for doors closed and new openings put in other places, panel doors with transoms over them being substituted for plain batten doors, the windows and door frames being trimmed with caps, and a porch with railing around it and steps with railing in front of the house, the entire inside walls partitioned, lathed and plastered, new floors in places, new stairways, cupboards, partitions, clothespresses, etc.

A number of the witnesses testified that it had the appearance of a new building. One of the witnesses, Mr. Kelly, says "it has the appearance of a dwelling. Formerly it had the appearance of a shop, a very loosely constructed building. To all appearances I would say it presents the appearance of a new building, that of a dwelling." Another witness, Henry Struble, says, "it presents the appearance of a new building. The old factory and shop had been converted into a dwelling house." Mr. Cameron says "it appears like a new building to me, I cannot distinguish any parts of the old building." Mr. Dewalt says "this building has a general appearance to me of a new building, altogether different from what it was, the way it is fixed up."

" Where the structure of a building is so completely changed that in common parlance it may properly be called a new building or re-building, it comes within the lien law. This is sometimes difficult to decide, and then it must be left to the jury. Under the evidence here a court might have decided that it is a case of a building erected within the meaning of the lien law, and not to have ordered a nonsuit:" Armstrong v. Ware, 20 Pa. 519.

"It is but fair that the building should present to the eye that external change indicating newness of structure which is calculated to put purchasers, mortgagees and other lien creditors upon an inquiry for liens:" Miller v. Hershey, 59 Pa. 64.

Under the testimony in this case, it should have been submitted to a jury for the jury to determine whether from the evidence the building was so changed that it might properly have been called a new building, or a rebuilding, and it was error to enter a nonsuit.

The fifth assignment of error is therefore sustained, judgment reversed, and a venire facias de novo awarded.