# McDowell v. Riley.

*Mechanics' liens—New structure—Alterations and repairs—Notice—Act of May 18, 1887, P. L. 118.*

The alterations or repairs which come within the operation of the Act of May 18, 1887, P. L. 118, requiring notice to owner before a lien can be filed, are such as are incorporated into the old building or added as an appendage to the original structure ; in such cases the old building must continue to constitute a substantial part of the completed structure. Where the structure is so completely changed that in common parlance it may properly be called a new building, or a rebuilding, it comes within the general mechanic's lien law

When, in cases of this character, the facts are undisputed and there is no evidence from which a jury ought to be permitted to find that the structure is a new one, it is the duty of the court to declare the work one of repair. When the facts are disputed or the inferences to be drawn from the evidence are doubtful, the question is for the jury.

On a scire facias sur mechanic's lien where the defense is that the construction was merely an addition and repair, and that no notice had been given, as required by the Act of May 18, 1887, P. L. 118, the court is in error in not submitting the case to the jury, where the evidence tends to show that a frame dwelling house had been consumed by fire, inside and out, except a portion of the roof, which was held in a sagging position by rafters which extended over from an adjoining structure, and a few charred, but not wholly consumed, studding, not capable of supporting new weather boarding and plastering lath, and that in rebuilding, a new frame for the external walls had been put up, that new weather boarding, new joists, new floors, and a new staircase had been erected, and that the house had been relathed and replastered throughout, and that the only material from the old house used was a part of the roof.

Argued Nov. 22, 1900. Appeal, No. 143, Oct. T., 1900, by plaintiffs, from order of C. P. Delaware Co., March T., 1899, No. 42, refusing to take off nonsuit in case of William J. McDowell and Wesley S. McDowell, trading as W. J. McDowell & Brother, v. Hubert J. Riley and Sarah D. Thompkins, owners or reputed owners, and George S. Whittaker, contractor. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Scire facias sur mechanic's lien.

At the trial it appeared that in 1896, H. J. Riley owned three adjoining houses in South Chester. In May of that year the houses caught fire, and the west house was almost totally consumed. All that remained of the house was a portion of the roof, and a few charred, but not wholly consumed, studding, not capable of supporting new weather boarding and plastering lath. The house was rebuilt, and the plaintiffs furnished material without giving notice to the owner.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*George B. Lindsay*, for appellant. — Where the evidence shows that a building is so completely changed that in common

parlance it may be probably a new building or rebuilding, it comes within the mechanic's lien law, and must be left to the jury to decide whether it is a new building or only an alteration of an old building : Grable v. Helman, 5 Pa. Superior Ct. 324 ; Gerry v. Painter, 9 Pa. Superior Ct. 150 ; Warren v. Freeman, 187 Pa. 455 ; Landis v. Mellinger, 7 Lancaster Law Rev. 153.

*Ward R. Bliss*, for appellee.—The evidence being uncontradicted, the question was for the court: Law v. Levine, 13 Pa. Superior Ct. 152 ; Warren v. Freeman, 187 Pa. 455 ; Mehl v. Fisher, 13 Pa. Superior Ct. 330.

In leases the word " repair " is held to include the rebuilding of a house even after a total destruction by fire : Hoy v. Holt, 91 Pa. 88.

As to mechanics' liens, it is the settled rule in this state that to give a lien under the act of 1836, there must be a material and noticeable change in the external appearance of the building. Mere newness of paint, or newness of material, is not enough. Even considerable changes in the exterior have been held to be not enough : Miller v. Hershey, 59 Pa. 64 ; Patterson v. Frazier, 123 Pa. 414 ; Smyers v. Beam, 158 Pa. 57 ; Hall v. Blackburn, 173 Pa. 310 ; Warren v. Freeman, 187 Pa. 455.

The change must be such as will give unmistakable notice to a purchaser or mortgagee that the building may be subject to secret, unrecorded liens : Miller v. Hershey, 59 Pa. 64 ; Long v. McLanahan, 103 Pa. 537 ; Landis's Appeal, 10 Pa. 379.

OPINION BY W. D. PORTER, J., March 19, 1901:

A frame dwelling house having furnished the materials for a fire, the building operation out of which this litigation grew was undertaken for the purpose of restoring the conditions which had existed prior to the conflagration. The plaintiff furnished the materials used in the building operation. The learned judge of the court below was of opinion that this building operation was not a construction of a new building, but the repair of an old one ; that in order to support a lien notice was required under the terms of the Act of May 18, 1887, P. L. 118, and, in default of such notice, a compulsory nonsuit was entered, which the court subsequently refused to take off. Assuming the indestructibility of matter, we must admit that fire

cannot destroy the elements which enter into the construction of a frame building, but it must also be conceded that the form and nature of those elements may be thereby so changed that the building, for all utilitarian purposes, must be said to have ceased to exist.   When this happens the building has passed beyond the realm of repair.   The effects of a fire in a frame building may be confined to blistered paints, stained wall papers and broken glass, or the result may be the disappearance of the building in smoke and ashes.   It is evident that cases must arise which involve difficulty in determining whether the work of restoration involves the construction of a new building or the repair of an old one.   The facts that the structure stands upon the same ground, is constructed according to the same design, and is the same size as the building which had been attacked by fire are not determinative of the question.   When a building has been absolutely destroyed and that which takes its place is new throughout all its parts, it is a new construction, although the new building be merely a reproduction of the old down to the slightest details.   The owner then has a house similar to his old one, but still it is a new house.   When, in cases of this character, the facts are undisputed, and there is no evidence from which a jury ought to be permitted to find that the structure is a new one, it is the duty of the court to declare the work one of repair.   When the facts are disputed, or the inferences to be drawn from the evidence are doubtful, the question is for the jury.   In Hall v. Blackburn, 173 Pa. 310, Mr. Justice Dean quoted with approval the language used in Miller v. Hershey, 59 Pa. 64: " The idea which runs throughout all the cases is newness of structure in the main mass of the building."   The alterations or repairs which come within the operation of the act of 1887 are such as are incorporated into the old building, or added as an appendage to the original structure; in such cases the old building must continue to constitute a substantial part of the completed structure; Mehl & Sapper v. Fisher, 13 Pa. Superior Ct. 330 ; Grable v. Helman, 5 Pa. Superior Ct. 324; Warren v. Freeman, 187 Pa. 455.   Where the structure of a building is so completely changed that in common parlance it may properly be called a new building, or rebuilding, it comes within the lien law: Armstrong v. Ware, 20 Pa. 519.

In determining whether this building operation was a new construction we are to consider the conditions which existed upon the ground at the time the operation was undertaken, after the fire, and not what had been there before the catastrophe occurred.  The plaintiff produced evidence which, if believed, would have warranted a jury in finding that the fire had consumed the entire house, inside and out, except a portion of the roof, which was held in a sagging position by the rafters which extended over from an adjoining structure, and a few charred but not wholly consumed studding; and that the charred studding were in such a condition as not to permit of the fastening to them of new weather boarding on the outside or plastering-lath on the inside.  The evidence would have justified the finding that a new frame for the external walls was put up; that new weather boarding was put on, a small part on the rear wall having been taken from another house; that new joists, new floors, and a new staircase were put in, and that the house was relathed and replastered throughout; and that the only material from the old house used was a part of the flat slag roof.  The change of external appearance has been recognized by the cases as an important element in determining the question of new construction, or repairs.  The change in external appearance from the conditions which existed at the time the operation began was complete.  The only way in which the observer could see anything that had been there before was by getting above the building, and, by taking a bird's-eye view, the patch of old roof became visible.  We are convinced that the learned court below was in error in refusing to take off the judgment of nonsuit.

The judgment is reversed and a venire facias de novo awarded.