## Yaukey, Appellant, v. Buckman.

*Mechanic's lien—Contract—Question for court—Evidence.*

On the trial of a scire facias sur mechanic's lien where the lien filed alleges an oral contract to furnish the labor and materials for a house at the current and market rates, binding instructions for the defendant will be sustained where it appears that the plaintiff admitted that at one time there had been a contract between him and defendant to build the house for a sum stated, and the evidence in the case and the inferences fairly to be drawn from the plaintiff's own testimony show that the original contract to build the house for a sum stated had not been abrogated by the parties.

In such a case where the defendant puts in a negative plea and by his affidavit of defense which is filed as special matter, and by his additional pleas alleges the special contract which is denied by the plaintiff in his replication, the plea of tender and the payment of money into court by the defendant does not admit the plaintiff's cause of action, but can only be regarded as an admission of an amount due under the special contract, and for extras.

Argued Oct. 21, 1901. Appeal, No. 221, Oct. T., 1901, by plaintiff, from judgment of C. P. Franklin Co., Dec. T., 1899, No. 31, on verdict for defendant in case of Jeremiah S. Yaukey v. John H. Buckman. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Scire facias sur mechanic's lien.   Before JOHN STEWART, P. J.
At the trial court gave binding instructions for defendant.
Verdict for defendant.

On a motion for a new trial JOHN STEWART, P. J., filed the
following opinion :

The mechanic's lien as filed, is for work and labor done and
materials furnished, in and upon the erection of a dwelling
house for the defendant, without mention of, or reference to,
any contract for a specified sum.   To the scire facias defend-
ant pleaded payment, and, specially, a contract by which the
plaintiff agreed to erect the building for $725, certain of the
work in connection therewith and certain materials, all of which
were specifically set out, to be performed and furnished by the
defendant and any extra work, required by a change of plan, to
be paid for at market value.   To this plaintiff replied, that the
dwelling house described in the lien was not erected under such
alleged contract ; and averred that the work and materials done
and furnished, were provided at the instance and request of the
defendant in pursuance of contract as alleged in plaintiff's state-
ment.

Upon the issue thus raised the case went to trial.   The first
witness called was the plaintiff himself.   In unmistakable lan-
guage, and in response to questions asked by his own counsel,
he testified to a contract which was substantially the same as
set out in defendant's plea.

The money admitted by the plaintiff to have been received
on the building, with what was paid into court accompany-
ing the plea of tender, being the full contract price, the case
would have ended here, but for the contention that the original
contract had been rescinded, and that plaintiff was entitled to
recover on an implied assumpsit for his work and material.   It
was not alleged that there had been an express rescission of the
contract; but it was contended that a mutual abandonment of
the contract could be inferred from conversations between the
parties as testified by the plaintiff, and that this inference was
so strengthened by the fact that the building erected was wholly
different from that contemplated in the contract, that it be-
came a question for the jury to decide.   In order that the
plaintiff's whole case might be developed in this regard, we

permitted him to go into the details of his bill as filed, so that it might appear wherein and to what extent the building he erected differed from that originally contracted for. This evidence was admitted for another purpose. At the close of the plaintiff's case we were of opinion that the contention of the plaintiff was not in any degree supported by his evidence; that there was nothing in his own testimony from which a mutual abandonment could be inferred; but, on the contrary, that it showed a continued recognition of the contract by both down to the last, as in the dispute between them in regard to the brackets, when plaintiff insisted that he was not obliged under the contract to furnish them; and, further, that the building erected, though differing in some respects from that originally contemplated was substantially the same. The evidence with respect to the various items in plaintiff's bill having been admitted for no other purpose than that we have stated, and having failed of its purpose, on motion of defendant's counsel, it was stricken from the record. At the close of the evidence, it appearing, that the plaintiff had been paid the full contract price, we directed a verdict for the defendant. This is complained of as error, and we are asked to direct a new trial of the case.

We appreciate the situation of the plaintiff. If his testimony is accepted, he has expended in the erection of a dwelling for the defendant upwards of $1,900, and all he has been allowed to recover by this action, including what has been advanced him on his note, and what was paid into court is $750. This conclusion on its face would seem to be a failure of justice. If it be so in fact, it results not from infirmity in the law, but from the plaintiff's own mistake. That he contracted with the defendant to build him a house for $725, he admits, and that under this contract he was entitled to be paid for any extra work and material, not embraced in the original plan, is not disputed. In filing his lien then, he should have claimed his $725 under the contract, and made separate and additional claims for each item of material and work not included therein. Had he observed this plain requirement, he would have recovered all that he was entitled to. It is a mistake to suppose, that what we have referred to is a mere formal matter of pleading, that should not be allowed to work such result as we see here.

Without such rule, no building contract would be worth anything, as against a contractor who would not scruple to avoid it. Except for it, there would be nothing to prevent a contractor from escaping from his contract obligations, if they proved disadvantageous, by filing a lien embracing each separate item, and charging therefor at market rates. If either party has an advantage in a building contract, he is entitled to recover it; but this cannot be with respect to the owner, if this rule be not enforced.

Whether or not the plaintiff here made an unwise or disadvantageous bargain, when he contracted to build this house for $725, we do not know. If he did not, he would have nothing to lose by claiming under it; if he did, he ought not to be allowed to deprive the defendant of his corresponding advantage, by ignoring it.

If the case has resulted in giving the plaintiff less than the whole amount he is entitled to receive from the defendant, the fault lies in the manner of stating his claim.

Was there error in refusing to submit the case to the jury? The issue has exclusive reference to the contract. Was or was not the building erected under the contract set out by defendant? A very careful review of all the evidence on this question, only confirms us in the conclusion we reached on the trial. We thought then, and are of the same mind now, that the evidence in support of the claim, that the contract between these parties was rescinded or abandoned, was so inadequate to support such conclusion that a verdict for the plaintiff on this issue, could not be sustained. We fully appreciate our duty to submit the case to the jury if there was evidence which would justify an inference of the disputed fact, on which plaintiff's right to recover was made to depend; but we failed then and fail now to discover such evidence. Nothing appears in the acts or speech of defendant, that would warrant an inference that he ever assented to a rescission of the original contract; and the contract of the plaintiff himself was wholly inconsistent with such theory. We have referred to the dispute about the brackets, in which plaintiff declined furnishing them because not in the contract. This occurred when the house was nearly completed. He testifies to a conversation later on, when defendant insisted on compliance with the speci-

fications, and demanded something that was not in the contract. This must have been the last interview between them before the final completion of the house, and here we have a distinct reference to the contract, claim made under it and no disavowal of it.   Never once is there a suggestion from either that the contract had been abandoned.   A guess upon doubtful facts by a jury is bad enough ; sometimes, however, it is the best we can get; but to allow them to decide arbitrarily not upon facts, but absolutely without them and upon theory or prejudice alone, would be a travesty on the system.

The case of Hall vs. Blackburn, 173 Pa. 310, we regard as ample authority for holding that defendant was not concluded by his plea of tender.

No sufficient ground appearing for a new trial, it is now, August 7, 1901, ordered that the motion for new trial be dismissed.

*Error assigned* was in giving binding instructions for defend-- ant.

*W. K. Sharpe*, of *Sharpe & Elder*, with him *O. C. Bowers* and *J. W. Sharpe*, for appellant, cited : Boston v. Farr, 148 Pa. 220 ; Maynes v. Atwater, 88 Pa. 496 ; McFarland v. Newman, 9 Watts, 55 ; Brubaker v. Okeson, 36 Pa. 519 ; Taylor v. Sattler, 179 Pa. 451 ; Bryant v. Stilwell, 24 Pa. 314 ; Holloway v. Frick, 149 Pa. 178 ; Green v. Paul, 155 Pa. 126 ; Fulton v. Lancaster County, 162 Pa. 294 ; Bailey v. Bucher, 6 Watts, 74.

*W. U. Brewer* and *Charles Walter*, with them *D. Watson Rowe* and *D. Edward Long* for appellee, cited: Pittsburg v. Walter, 69 Pa. 367 ; Elliott v. Lycoming County Mutual Ins. Co., 66 Pa. 22.  ·

PER CURIAM, November 11, 1901:

Plaintiff's lien alleged an oral contract to furnish the labor and materials for a house to be built for the defendant for which the defendant was to pay the current and market prices.   On the trial plaintiff admitted that at one time there had been a contract between him and defendant to build the house for $725 but contended that this contract had been abrogated and that the house was built under a subsequent contract such as alleged

in the lien.  The court directed a verdict for the defendant on the ground that the plaintiff had not offered sufficient evidence to prove an abrogation of the former contract and had not shown such contract as alleged in the lien.  The question is whether there was sufficient evidence of the abrogation of the special contract to submit to the jury; that is to say whether upon the facts testified to by the plaintiff and the inferences which a jury might draw therefrom a verdict for the plaintiff could be sustained.  A careful examination of the plaintiff's evidence has failed to convince us that the court committed error in determining that question in the negative.  The correctness of the ruling is so satisfactorily shown in the opinion filed by the learned judge below that we do not deem it necessary to add anything thereto.  We do not see how the admitted fact that there was a dispute between the plaintiff and the defendant as to whether the latter was obliged under his contract to furnish the brackets can be reconciled with the theory that there had been a previous mutual abandonment of the contract, or can be explained upon any other theory than that of a continued recognition of it.

The pleadings are somewhat complicated and it is unnecessary to recite them at length here, but it is to be observed that the defendant put in a negative plea and by his affidavit of defense, which was filed as special matter, and by his additional pleas alleged a special contract, and the plaintiff by his replication denied it.  The case went to trial on this issue.  In view of the other pleadings we do not think that the plea of tender and the payment of the money into court admitted the plaintiff's cause of action as alleged by him and dispensed with formal proof thereof.  These can only be regarded as an admission of an amount due under the special contract and for extras, and cannot be regarded as a waiver of the defense set up in his other pleas.  By the introduction of his evidence the plaintiff acted upon that theory, and we do not think he would have been justified in doing otherwise.  The case of Hall v. Blackburn, 173 Pa. 310, may not rule the case because it is distinguishable in its facts, as the counsel for the plaintiff have shown, but the principle recognized in that case as stated in the opinion of Mr. Justice DEAN is applicable.

All the assignments of error are overruled and the judgment is affirmed.