## Smyers v. Beam.    Seifert's Appeal.

158 SC 57
28 SC 30

*Mechanic's lien—Addition and alteration—Act of May 18,1887.*

The owner of a building took out all partitions in the second story of the old building, took off its roof and the upper story of the west wall, spliced the studding in the south, east and north walls of the old building so as to raise its upper story on a level with the upper story of the new building, put it all under one roof and fitted out the upper story of the combined structure as an opera house, and the lower floor of the new addition as a store room, leaving the remainder of the old building substantially as it had been from its first erection. *Held*, that the new structure was an addition or alteration within the meaning of the act of May 18, 1887, P. L. 118, requiring notice to the owner of materials furnished, or work performed.

*Constitutional Law—Act of May 18, 1887.*

The act of May 18, 1887, P. L. 118, relating to mechanics' liens for repairs, alterations or additions, is constitutional.

Argued Oct. 5, 1893.    Appeal, No. 103, Oct. T., 1893, by Edward Seifert, from order of C. P. Jefferson Co., May T., 1893, No. 2, distributing fund raised by sheriff's sale of real estate under execution, B. J. Smyers v. J. B. Beam and Polly Beam. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Distribution of proceeds of sheriff's sale of real estate.

The auditor, John W. Walker, Esq., found that " there was erected in the spring of 1888, by one McQuown and J. B. Beam, then joint owners of the lot against which the mechanics'

liens were filed, and from which the funds in dispute were real-
ized by sheriff's sale, a two storied frame building 22×60 feet,
the lower story being used for a store room and the upper story
divided into small rooms fitted up and occupied as a dwelling
house.   And now, quoting from the testimony of J. B. Beam
with reference to above building, he says: 'It was finished.
After that building had been completed and we had been in
business for a while, I bought McQuown out and took a deed
from him.   Then several years afterward—about three years
—in 1891, I concluded to enlarge the building.   I built what I
call the opera house, on the McClure lot, and attached it to
the first building.'   Again the witness says: 'In about three
years after the first building was finished, I concluded to change
it at length;' the substance of which is, he built a two storied
addition 25×80 feet, on the west side of and attached to the
old building; he took out all partitions in the second story of
the old building, took off its roof and the upper story of the
west wall, spliced the studding in the south, east and north
walls of the old building so as to raise its upper story on a level
with the upper story of the new building, put it all under one
roof and fitted out the upper story of the combined structure
as an opera house, and the lower floor of the new addition as
a store room, leaving the remainder of the old building sub-
stantially as it had been from its first erection."   The auditor
further found: " But all the liens except those of Wm. J. Bruce
and Edward Seifert are so irregular that it is a very doubtful
question whether or not they would hold under any circum-
stances; yet as your auditor is of the opinion that this is an
alteration of, and an addition to an old building, he does not
feel called upon to enter into the question as to whether they
would be otherwise valid or not.   Your auditor finds as a fact,
from the testimony of J. B. Beam, that the work was done and
materials furnished in and about the alteration of and addition
to an old building, and that the claims of all the mechanics and
material men are governed by the act of May 18, 1887, P. L.
118, which provides as follows: ' That to entitle any one to the
benefits of this act, he shall give notice to the owner or reput-
ed owner of the property, or his or her agent, at the time of
furnishing the materials or performing the work in and about
the repairs, alterations, or additions to any house or other build-

ing, of his intention to file a lien under the provisions of this act.' "

The auditor further found that no notice was given by any of the mechanics' lien claimants of their intention to file their respective liens, and he disregarded their claims and distributed the balance of the funds in controversy to other judgment creditors.

Exceptions to the auditor's report by Edward Seifert were dismissed in an opinion by CLARK, P. J. Exceptant thereupon appealed.

*Errors assigned* were dismissal of exceptions, quoting them.

*Charles Corbet, W. W. Winslow, R. C. Winslow* and *J. E. Calderwood* with him, for appellant, cited: Kittel's Est., 156 Pa. 445 ; Olympic Theatre Case, 2 Browne, 275 ; Burling's Est., 1 Ash. 377 ; Driesbach v. Keller, 2 Pa. 77 ; Hill's Est., 2 Clark, 96 ; Landis's Ap., 10 Pa. 379 ; Armstrong v. Ware, 20 Pa. 519 ; Norris's Ap., 30 Pa. 122 ; Hershey v. Shenk, 58 Pa. 382 ; Miller v. Hershey, 59 Pa. 64 ; Parrish & Hazard's Ap., 83 Pa. 111 ; Brice's Ap., 89 Pa. 85 ; Nelson v. Campbell, 28 Pa. 156 ; Lightfoot v. Krug, 35 Pa. 348 ; Pretz & Gausler's Ap., 35 Pa. 349 ; Fisher v. Rush, 71 Pa. 40.

*W. F. Stewart, John Conrad* and *A. C. White* with him, for appellee, cited: Landis's Ap., 10 Pa. 379 ; Miller v. Oliver, 8 Watts, 514 ; Thomas v. Hinkle, 126 Pa. 478 ; Best v. Baumgardner, 122 Pa. 17 ; Groezinger v. Ostheim, 135 Pa. 604.

PER CURIAM, October 30, 1893 :

This appeal by Edward Seifert is from the decree distributing the fund raised by the sale of J. B. Beam and Polly Beam's real estate on executions of D. J. Smyers and others.

An examination of the record with special reference to the assignments of error has failed to satisfy us that either of them should be sustained.

So far as the constitutionality of the act of May 18, 1887, is involved, that question has been settled by opinion just filed in Purvis et al. v. Ross, No. 36 of this term. [Reported above, page 20.]

Decree affirmed and appeal dismissed, with costs to be paid by the appellant, Edward Seifert.