J. A. Law, Appellant, v. Rosa Levine, owner or reputed owner, and Rosa Lavine and Louis Lavine, her Husband, Contractors.

*Mechanic's lien — Alterations and additions—Notice to owner—Act of May 18, 1887.*

Where a new structure and an old one are attached and so incorporated into an harmonious whole that they are only capable of use in common and as one building, they come under the operation of the Act of May 18, 1887, P. L. 118, and in order to subject them to liens the provisions of that act as to notice must be complied with.

The following changes were made in a building: the one and a half story shed roof extension extending along the south wall of the main building was torn down, and in its place was erected a one and a half story extension, which had a fifteen foot frontage and extended back the full depth of the main building, thirty-two feet, narrowing to eight feet in width in the rear. The door between the main storeroom and the old extension to the south was closed, and in its place there was cut through the wall an open archway six feet wide, to make access between the different parts of the two rooms easier. In place of the old kitchen there was erected a new kitchen, which was fifteen feet square and one and a half

story high. Both of these extensions were connected and attached to the main building, just as the structures which preceded them had been. From the kitchen led up a staircase, which was the only way by which the rooms on the second story could be reached. In the main building practically no changes were made, except the removal of a part of the south wall, in order to make communication between the different parts of the store easier. The structure along the south wall was intended to be used just as the one and a half story structure which had preceded it had been used, as an appurtenance of the main storeroom, and, practically, the only difference was of fifteen feet frontage, while that which it replaced had been only ten feet. Both were the same width at the rear end, and in neither was the half story formed by the sloping of the shed roof up to the wall of the main building finished. While the old shed stood, the communication between it and the main storeroom was by a door. The changes resulted in the removal of six feet of the wall, and made it more evident that the structures were intended to be used in common and could only be used in common. The changes in the kitchen made it three feet larger one way, but it remained simply part of the main building, and the second story of the main building can only be reached through this kitchen. *Held*, that this was a case of alteration, repair or addition to an old building.

Argued May 10, 1898. Appeal, No. 219, April T., 1899, by plaintiff, from order of C. P. Lawrence Co., March T., 1898, No. 38, refusing to take off nonsuit. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by W. D. PORTER, J.

Scire facias sur mechanic's lien. Before WALLACE, P. J. The facts are fully stated in the opinion of the court.

*Error assigned* was refusal to take off nonsuit.

*C. H. Akens*, with him *Charles G. Martin*, for appellant.— The building described in the testimony is "an erection or construction" under the Act of June 16, 1836, P. L. 695: 3 Trickett on Liens, 26; Short v. Miller, 120 Pa. 470; Short v. Ames, 121 Pa. 530; Lightfoot v. Krug, 35 Pa. 348; Gausler's App., 35 Pa. 349; Long v. McLanahan, 103 Pa. 537; Thomas v. Hinkle, 126 Pa. 478; Harman v. Cummings, 43 Pa. 322; Weaver v. Sheeler, 124 Pa. 473; McFall v. McK. & Y. Ice Co., 123 Pa. 253; Richardson v. Glockner, 3 Penny. 90.

Any addition, erection or construction amounting to a "building" and covered by the act of 1836 is not subject to the provisions for notice contained in the act of 1887: Wheeler v.

Pierce, Kelley & Co., 167 Pa. 416; Armstrong v. Ware, 20 Pa. 519; Miller v. Hershey, 1 Pears. 282; Norris's App., 30 Pa. 122; Wharton v. Investment Co., 180 Pa. 168.

*E. M. Underwood*, with him *W. H. Falls*, for appellees.— The facts in this case show an alteration and repair to an existing building, and not an erection and construction under the act of 1836: Landis's App., 10 Pa. 379; Hall v. Blackburn, 173 Pa. 310; Groezinger v. Ostheim, 135 Pa. 604; Murphy's App., 158 Pa. 497; Collum v. Paint Co., 185 Pa. 411; Thompson's App., 3 Pa. Superior Ct. 643; Best v. Baumgardner, 122 Pa. 17.

Where the evidence descriptive of the change made in an old building is uncontradicted, the duty of determining whether the structure against which the claim is filed was an altered or a new one is imposed upon the trial judge: Warren v. Freeman, 187 Pa. 455; Smyers v. Beam, 158 Pa. 57.

OPINION BY W. D. PORTER, J., March 21, 1900:

Plaintiff filed a mechanic's lien against a building, with the lot appurtenant, owned by the defendants, and upon the trial of the scire facias the court granted a compulsory nonsuit and subsequently refused to take it off. From that judgment we have this appeal. As to the facts of the case we have no dispute whatever. In July, 1897, and prior thereto, the defendant, Rosa Levine, owned a lot of land fronting thirty-two feet on Moravia street in New Castle. There was erected upon the lot a building which was used as a store and dwelling by the owners. The store consisted of a main building sixteen by thirty-two feet, two stories high, the upper story being used as a dwelling. On the south side of this was a one and a half story structure with a shed roof, attached to the main building. This one and a half stories structure fronted ten feet on Moravia street and extended back thirty-two feet along the main building, narrowing to eight feet in width at the rear end. Back of this was a building twelve by fifteen feet, one and a half stories high, with a shed roof. This was also attached to the main building. All these structures were used for the purposes of the business of the owners. There was a doorway between the main storeroom and the said extension on the south side, and

both rooms were used for the purposes of the business of the store. The extension at the rear was used as a kitchen, and the second story of the main store building was used, in connection with the kitchen, as a residence. In July, 1897, the plaintiff and the defendants entered into an agreement for an alteration in the structure, and as a result of that undertaking the following changes were made in the building: the one and a half story shed roof extension extending along the south wall of the main building was torn down, and in its place was erected a one and a half story extension, which had fifteen feet front on Moravia street and extended back the full depth of the main building, thirty-two feet, narrowing to eight feet in width at the rear. The door between the main storeroom and the old extension to the south was closed, and in its place there was cut through the wall an open archway six feet wide, to make access between the different parts of the two rooms easier. In place of the kitchen there was erected a new kitchen, which was fifteen feet square and one and a half stories high. Both of these extensions were connected and attached to the main building, just as the structures which preceded them had been. From the kitchen led up the stair-case, which was the only way by which the rooms on the second story of the main building could be reached. In the main building practically no changes were made, except the removal of a part of a south wall, in order to make communication between the different parts of the store easier. The structure along the south wall was intended to be used just as the one and a half story structure which had preceded it had been used, as an appurtenance of the main storeroom, and, practically, the only difference was that the new shed was of fifteen feet frontage on Moravia street while that which it replaced had been only ten feet. Both were the same width at the rear end, and in neither was the half story formed by the sloping of the shed roof up to the wall of the main building finished. While the old shed stood, the communication between it and the main storeroom was by a door. The changes resulted in the removal of six feet of the wall, and made it more evident that the structures were intended to be used in common and could only be used in common. The changes in the kitchen made it three feet larger one way, but it remained simply a part of the main building, and the second story of the main building can only

be reached through this kitchen. These were the undisputed facts presented by the evidence and no other inference could be drawn from them at the time of the motion for a nonsuit. This imposed upon the trial judge the duty of determining whether the structure against which the claim was filed was an altered or a new one; whether it was a new building, or simply an enlargement of and an addition to an old building. The learned judge of the court below was of opinion that this was a case of alteration, repair or addition to an old building, and, it being conceded that the plaintiff had not given notice in accordance with the terms of the Act of May 18, 1887, P. L. 118, allowed the motion for nonsuit. The character of the alterations and additions, in building operations, governed by the act of 1887, has been frequently passed upon by the Supreme Court. It seems that a building detached from the other buildings of a manufacturing plant is not to be considered as an addition, under the terms of the act of 1887: Wheeler v. Pierce, Kelley & Co., 167 Pa. 416; although the decision in that case seems to have been put rather upon the Act of April 21, 1856, P. L. 496, than that of 1836. Where, however, the new structure and the old are attached and so incorporated into a harmonious whole that they are only capable of use in common and as one building, it has been uniformly held that they come under the operation of the act of 1887, and in order to subject them to lien the provisions of that act must be complied with: Best v. Baumgardner, 122 Pa. 17; Smyers v. Beam, 158 Pa. 57; Collum v. Paint Co., 185 Pa. 411; Thompson's Appeal, 3 Pa. Superior Ct. 643; Warren v. Freeman, 187 Pa. 455.

The single question presented for the consideration of the learned court below in this case was, viz.: Was the work done and materials furnished for the construction of a new building or an addition to, or alterations and repair of an old building? If the former, the claim was good; if the latter, it could not be allowed. In view of the authorities above cited there can be no question that the learned judge arrived at a correct conclusion. If the plaintiff had desired to avail himself of the right of lien against this addition to an old building, there was no obstacle in the way of his doing so. He could have proceeded under the act of 1887 and given notice of his intention to file a lien. It is admitted that he did not proceed

152, (1900).]            Opinion of the Court.

in this manner and that no notice was given, and he is, there-
fore, not entitled to a lien.    This case seems to be on all fours
with Groezinger v. Ostheim, 135 Pa. 604, in which it was held
that the Act of May 18, 1887, P. L. 118, prescribes the condi-
tions upon which mechanics' liens for additions to existing
buildings may be acquired and enforced, and the lien in that
case was disallowed.

There was no error in the refusal of the learned court below
to take off the nonsuit.

Judgment affirmed.