# Goeringer *v.* Schappert.

*Mechanic's lien—New building—Alterations and additions.*

When the facts with regard to a building operation are undisputed, the court in determining the question as to the character of the structure, is not to be governed exclusively by what a person who saw the building for the first time after it was completed, being ignorant of the existence of an old building, might from a mere external inspection conclude. A building may be covered with plaster or paint an inch thick, and may present a very new and bright appearance to the eye, but whether it is a new building or not, is to be determined by the character of the main mass of the structure that lies back of the pigment.

Where the main design of a building remains unchanged, and the lines of its foundation walls are in no respect altered, and the interior, except for certain bay windows, is left untouched, the court will not construe the building to be a new building, although the external appearance has been changed by an alteration in the roof, and by a change of color from the application of paint.

Argued Jan. 16, 1901. Appeal, No. 27, Jan. T., 1901, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1896, No. 349, on verdict for plaintiff, in case of Frederick Goeringer v. Henry Schappert. Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ. Reversed.

Scire facias sur mechanic's lien.

The facts are stated in the opinion of the Superior Court.

The defendant presented the following points:

1. That under the undisputed evidence in the case the defendant erected an addition to the rear of his dwelling house eighteen feet by twenty-three feet in length, two stories high, and altered and remodeled the exterior of the old building in the following respects: he erected a new porch in front in place of the one which had been there, put in a bay window on each side of the building, one two stories high and the other one story, extending from the second story to roof, spliced the rafters of the old roof and remodeled it so as to give the same a greater pitch, put in dormer windows, put in new windows, sash and glass, and a new door in front. These improvements and alterations did not within the meaning of the law constitute the erection of a new building such as would render it subject

to a lien on a new building, but within the proper construction of the law would be an old building repaired and enlarged by the erection of the addition thereto. *Answer:* If I should affirm this point it would take it from you. I do not think that I can take the case from your consideration, and therefore I negative the point. [1]

3. Under all the evidence in the case the verdict should be in favor of the defendant. *Answer:* That point is also negatived. [3]

Verdict and judgment for plaintiff for $110. Defendant appealed.

*Errors assigned* were (1, 3) above instructions, quoting them.

*John McGahren*, for appellant.—The case was for the court: Garrett v. Jackson, 20 Pa. 331; Patterson v. Frazier, 123 Pa. 414; Seifert's App., 158 Pa. 57; Warren v. Freeman, 187 Pa. 455; Law v. Levine, 13 Pa. Superior Ct. 156.

*P. M. Thornton*, with him *Charles B. Lenahan*, for appellee.

OPINION BY W. D. PORTER, J., May 23, 1901:

There was, under the evidence, but one question in dispute at the trial of this case in the court below. Was the building operation out of which this litigation arose, the construction of a new building; or an addition to and repair and alteration of an old one? The facts as to the extent of the addition, and the nature of the alteration and repair of the old structure were not disputed. The old dwelling house had consisted of a two-story frame building, twenty by thirty-six feet in size, having a small kitchen at the rear and a porch in front. The small one-story kitchen was torn down and there was erected on its site a two-story frame addition, eighteen by twenty-three feet in size, having upon the ground floor a kitchen and pantry and on the second floor a bed room and bath room, connected with the main building and designed to be used as a part of the dwelling. The porch in front was removed and a larger one constructed in its place. In the main building these changes were made: the rafters were spliced and the crest of the roof raised so as to give it a greater pitch, and dormer-windows were

put in, for the purpose of ornament; a bay window constructed on each side of the house, one two stories high and the other upon the second floor only; the old window frames and sash were removed, and replaced with new frames, sash and glass; the old front door was taken off and a new one put in its place; and the weather boarding of the gable of the house, where the pitch of the roof had been increased was removed down to the eaves and shingles put in its place. The whole exterior of the building was then painted by the plaintiff, the new work being given two coats and the old part of the building one, and this lien was filed for that work, against the whole building as a new construction. The plaintiff did not attempt to bring his claim within the operation of the act of 1887, by giving notice and filing the lien for an addition to or alteration of an old building. The facts being undisputed the question at issue became one for the court to determine. Unless the alterations were of such a nature as to give to the building, as a whole, the character of newness in the main mass of the structure, the lien could not be sustained. The main design of the building remained unchanged, and the lines of its foundation walls were in no respect altered. The interior of the building, except for the bay windows, was left untouched. Undue importance seems to have been attached to the fact that because the building was painted the external appearance was changed. The external appearance of the building, as affected by alterations therein, has been recognized by the cases as an important element in determining newness of structure, but its external appearance resulting from changes of construction, and not the mere change of color from the application of paint. A building may be covered with plaster or paint an inch thick, and may present a very new and bright appearance to the eye, but whether it is a new building is to be determined by the character of the main mass of the structure that lies back of the pigment. In this case it is undisputed that after the work for which the lien was filed was completed, the paint did not conceal the fact that the part of the building which had received only one coat was old, and the owner made an independent contract with this plaintiff to give the old weather boarding an additional coat of paint. The changes in the main mass of this building were trifling; apart from the change in the roof they

consisted almost entirely of mere superficial ornamentation. When the facts with regard to a building operation are undisputed the court in determining the question as to the character of the structure, is not to be governed exclusively by what a person, who saw the building for the first time after it was completed, being ignorant of the existence of the old building, might from a mere external inspection conclude. The court having all the facts presented knows that there was an old building there, and the nature of the changes which the work has wrought. This case is ruled by Thompson's Appeal, 3 Pa. Superior Ct. 643; Smyers v. Beam, 158 Pa. 57. The defendant was entitled to an unqualified affirmance of his first and third prayers for instruction, and the first and third assignments of error are sustained.

The judgment is reversed.