## Caldwell, Appellant, v. Keating.

*Mechanic's lien—New building—Alteration and repair—Province of court and jury—Expert testimony.*

On a scire facias sur mechanic's lien where the question at issue, is whether a structure is a new building, or an alteration of an old one, expert testimony is admissible to establish whether any part of the work or material is old or new, but where there is no dispute as to what is old or new, the question being one of law, the opinions of contractors are not competent to be considered in determining the question of the character of the operation as a whole.

Change in the exterior of the building is an important element in deter-

mining newness of structure, but it is the change which indicates and results from newness of structure in the main mass of the building. The question is not to be determined from mere surface indications. The court must consider not only the changed appearance but the cause of it.

On a scire facias sur mechanic's lien filed by a material man against a structure claimed to be a new structure, it appeared that the building operation in question involved changes in an old two-story frame dwelling house. A new roof having a greater pitch than the old was put on ; new weather boarding was nailed on over the old upon the entire building ; the old window frames and sash were taken out and new put in the same places ; a bay window was built, projecting from one of the rooms on the first floor, and a small china closet projecting three feet from the dining room on the other side of the house ; a new front door was put on in place of the old, and a small vestibule was built projecting from it ; an old porch was torn away at the front of the house and a larger one built in its place ; these were the only changes in the exterior walls of the house, and the foundation lines remained unchanged. In the interior, some earth was excavated within the lines of the foundation walls and the cellar thus enlarged ; the attic under the new steep roof was divided into two rooms and a bathroom; the position of one partition on the first floor was changed so as to transform a narrow hall into a reception hall, the space being taken from one of the rooms, and a new staircase was built in the reception hall ; hard wood floors were laid down over the old floors in all of the rooms of the first story, except the kitchen ; and one chimney was torn down and rebuilt. *Held*, that the case was one of alteration and repair, and not of a new structure.

Argued May 20, 1901. Appeal, No. 65, April T., 1901, by plaintiffs, from order of C. P. Venango Co., Aug. T., 1899, No. 1, refusing to take off nonsuit in case of C. B. Caldwell and William K. Borland, Partners, trading as Caldwell & Borland, v. Michael Keating, Mary A. Keating, Margaret Keating, Bridget E. Keating, Thomas E. Keating and Catherine Keating, Owners or Reputed Owners and T. E. Woodring, Contractor. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Scire facias sur mechanic's lien. Before CRISWELL, P. J.

At the trial it appeared that a lien was filed for material furnished for a building operation against a building claimed to be a new structure. The character of the changes made in the old building is described in the opinion of the Superior Court.

C. B. Caldwell was asked this question :

" Q. Mr. Caldwell, having seen the building before the change and after the erection afterwards placed on the property,

judging from the external appearance, what would you say as to the character of the change?"

Objected to by defendants' counsel.

The Court: We will allow you to ask what change was made in the external appearance of the building. We think your question is leading.

Counsel for plaintiffs except to the ruling of the court, and on their request a bill of exceptions is sealed. [1]

T. E. Woodring was asked this question:

"Q. What did the extras on the house in addition to your contract cost?"

Objected to by counsel for defendants. Objection sustained.

Plaintiffs propose to show by the witness the extent and amount of the change that took place in the building, for the purpose of fixing relatively the degree of change.

The Court: The witness has already stated the changes that were made. If he has omitted anything he may state it now.

Counsel for plaintiffs except to the ruling of the court, and on their request a bill of exceptions is sealed. [2]

Plaintiffs propose to prove by the witness that the external appearance of the building before and after the change was such that one would say that it was a new building.

Objected to by counsel for defendants.

The Court: We will permit you to show what changes were made in the external parts of the building, but we will not permit the witness to state generally his impression in reference to the change. We will allow him to state facts but not conclusions.

Counsel for plaintiffs except to the ruling of the court and on their request a bill of exceptions is sealed. [3]

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

*William M. Parker*, with him *J. H. Osmer* and *Judson D. Trax*, for appellant.—A building may be so completely changed that the structure amounts to a new building, and a mechanic's lien may be entered against the same under the act of June 16, 1836, even though some parts of the old building may have been in-

corporated in the new: Armstrong v. Ware, 20 Pa. 519; Burling's Estate, 1 Ash. 377; Miller v. Hershey, 59 Pa. 64; Driesbach v. Keller, 2 Pa. 79; Norris's Appeal, 30 Pa. 122; Grable v. Helman, 5 Pa. Superior Ct. 327; Long v. McLanahan, 103 Pa. 544.

It is but fair that the building should present to the eye that external change indicating newness of structure, which is calculated to put purchasers, mortgagees and other lien creditors upon an inquiry for liens: Miller v. Hershey, 59 Pa. 64; Grable v. Helman, 5 Pa. Superior Ct. 328.

We respectfully and confidently submit that the rejection of evidence was error and was in direct conflict with the ruling of the Supreme Court in Norris's Appeal, 30 Pa. 127.

*Peter M. Speer*, with him *Isaac Ash* and *Joseph McSweeney*, for appellee.—The changes did not result in a new structure. The old building was not torn down, in any respect, but is all there to-day. It was not enlarged materially nor any change made in the structure or plan: Landis's Appeal, 10 Pa. 379; Miller v. Oliver, 8 Watts, 514; Patterson v. Frazier Bros., 123 Pa. 414; Smyers v. Beam; Seifert's Appeal, 158 Pa. 57; De-Wald v. Woog Murphy's Appeal, 158 Pa. 497; Warren v. Freeman, 187 Pa. 455; Thompson's Appeal, 3 Pa. Superior Ct. 643; Law v. Levine, 13 Pa. Superior Ct. 152.

Where the evidence descriptive of the changes made in an old building is entirely uncontradicted, the duty is imposed on the trial judge of determining whether the structure against which the claim is filed was an altered or a new one: Warren v. Freeman, 187 Pa. 455; McDowell v. Riley, 16 Pa. Superior Ct. 515.

OPINION BY W. D. PORTER, J., October 14, 1901:

The building operation out of which this litigation arose consisted of certain changes made in an old two-story frame dwelling house. A new roof having a greater pitch than the old was put on; new weather boarding was nailed on over the old upon the entire building; the old window frames and sash were taken out and new put in the same places; a bay window was built, projecting from one of the rooms on the first floor, and a small china closet projecting three feet from the dining

room on the other side of the house ; a new front door was put
on in place of the old, and a small vestibule was built project-
ing from it; an old porch was torn away at the front of the
house and a larger one built in its place ; these were the only
changes in the exterior walls of the house, and the foundation
lines remained unchanged.   In the interior, some earth was
excavated within the lines of the foundation walls and the
cellar thus enlarged; the attic under the new steep roof was
divided into two rooms and a bathroom ; the position of one
partition on the first floor was changed so as to transform a
narrow hall into a reception hall, the space being taken from
one of the rooms ; and a new staircase was built in the recep-
tion hall; hard wood floors were laid down over the old floors
in all of the rooms of the first story, except the kitchen ; and
one chimney was torn down and rebuilt   The plaintiffs fur-
nished material used in the making of these changes, and filed
this lien against the building as a new structure, having made
no attempt to acquire a lien for materials furnished for repairs
or alterations, under the act of 1887.   There was no dispute as
to the character or extent of the alterations in the old building,
and the only question contested in the court below was whether
the building operation was the alteration of an old building, or
resulted in the construction of a new one.   The learned judge
of the court below was of opinion that it was a case of altera-
tion and repair, and entered a judgment of compulsory nonsuit
which he subsequently refused to take off.

. The facts were undisputed and the question was one of law
to be determined by the court.   Expert testimony is admissible
in such a case to establish whether any part of the work or ma-
terial is old or new, but where there is no dispute as to what is
old or new, the question being one of law, the opinion of con-
tractors are not competent to be considered in determining the
question of the character of the operation as a whole.   The
court gave to the plaintiff the widest latitude in the introduc-
tion of evidence as to the changes which had been wrought in
the old building; and the opinions of the witnesses as to
whether the completed building was an old one altered or a
new structure were properly rejected.   The first, second and
third specifications of error are overruled.

We are convinced that there was no error in the conclusion

of the learned judge of the court below that this building operation was a case of alteration and repair and not of a new construction.   It is true that the whole external surface of the completed building was new.   The change in the external appearance of a building resulting from such an operation has been recognized by the cases as an important element in determining newness of structure, but it is the change which indicates and results from newness of structure in the main mass of the building.   The question is not to be determined from mere surface indications.   A veneer of paint, or cement or sheet iron may entirely cover an old building, but it cannot make it a new structure.   We must consider not only the changed appearance but the cause of it.   Back of the new weather boarding, which had been nailed over the old, on this house was the old structure complete and almost unchanged, except where the bay window and the china closet projected. The shifting of one partition so as to enlarge the hall, and the laying of hard wood floors over the old floors in some of the rooms of the first floor, and the division of the attic into two rooms were trifling changes of internal arrangement.   Large sums of money may be expended in hard wood floors, and artistic frescoes upon walls and ceilings, but it is not the amount of money expended in such things which is to determine whether a building is old or new.   The design of the character of this building remained unchanged, and the main mass of the structure was old : Miller v. Hershey, 59 Pa. 64 ; Long v. McLanahan, 103 Pa. 537 ; Smyers v. Beam, 158 Pa. 57 ; Warren v. Freeman, 187 Pa. 455 ; Thompson's Appeal, 3 Pa. Superior Ct. 643 ; Goeringer v. Schappert, 17 Pa. Superior Ct. 293.

The judgment is affirmed.