## Heller v. Millis

*Alfred C. Alspach,* for plaintiff.
*Bernard M. Zimmerman,* for defendant.

SCHAEFFER, P. J., May 16, 1947.—This is a rule to strike off a mechanic's lien filed by C. G. Heller against property owned by Shay P. Millis and Marian G. Millis, defendants, situated at 364 North Market Street, Elizabethtown, Lancaster County, Pa. The mechanic's lien is based upon an alleged oral contract between claimant and Shay P. Millis, one of the defendants, for painting the interior and exterior of said dwelling house. Claimant agreed to furnish all labor and necessary materials in connection with the painting and to be paid therefore the cost of the materials and the labor at $1.10 per hour. The painting was done and the materials were furnished between September 16, 1946, and November 11, 1946. In the mechanic's lien claim the materials and the prices are set forth in detail, consisting of about 30 items. The hours of labor are lumped as follows: 1,015 hours at $1.10 per hour; 30½ hours at $1.10 per hour; 55 hours for sanding at $2.50 per hour; and 7½ hours for sanding at $2.50 per hour. There are two small items of $3 and $2.75 for caulking. No specific dates are set forth except

the dates above referred to. The total cost amounted to $1,818.58, less a credit item for wax of $4.72, or $1,813.86. Defendants paid $1,000 on account on November 7, 1946, leaving a balance of $813.86.

The two reasons assigned for striking off the mechanic's lien are (1) that a mechanic's lien cannot be filed for painting which is not a part of the original construction and that the painting does not constitute an alteration and repair to the premises; and (2) that there was a lack of particularity because no dates are set forth when the labor was done or the materials furnished and that the same are lumped.

The Mechanic's Lien Act of June 4, 1901, P. L. 431, sec. 2, provides, inter alia, as follows: "Every structure . . . shall be subject to a lien for the payment of all debts due to the contractor . . . in the erection and construction or removal thereof, and in the addition thereto, and in the alteration and repair thereof." The painting of an old building is in the nature of a repair thereto, but the question is raised that under the language of the statute there must be both an alteration and repair in order to file a mechanic's lien. In section 2 of the Act of 1901, supra, the words "alteration and repair" are in the conjunctive, but in the same section appears also the following: "Nor shall any claim for alterations *or* repairs . . . be valid unless it be for a sum exceeding one hundred dollars." (Italics supplied.)

Under the Statutory Construction Act of May 28, 1937, P. L. 1019, there is a presumption that the legislature does not intend a result or interpretation which is unreasonable and that punctuation of a law shall not control or affect the intention of the legislature. In 36 Am. Jur. 52, §61, it is stated that a mechanic's lien for repairs is generally conferred by the statutes, but that under the earlier statutes the repair of a building was deemed not to be within the terms relating to erection or construction of a building and that formerly no

lien could be filed for repairs, citing Warren v. Freeman and The Quaker City Wheelmen, 187 Pa. 455, construing the Act of June 16, 1836, P. L. 695. In Silvert v. Leonards, 54 Montg. 422, a mechanic's lien was filed for plaster, paint and labor by a subcontractor. No objection was raised as to the nature of the work, but the lien was stricken from the record for other reasons relating to notice and lumping of charges. In Martine v. Nelson, 51 Ill. 422, it was held that painters are within the protection of the mechanic's lien law, which secures a lien to persons who furnish labor or materials for erecting or repairing a building.

The question of additions, alterations and repairs, including painting, in this State has arisen generally in determining whether such changes made the building a new structure, permitting six months instead of three months for filing a claim. See Goeringer v. Schappert, 17 Pa. Superior Ct. 293, relating to plaster or paint, and Duplex Electric Co. v. Simons, Brittain & English, Inc., et al., 113 Pa. Superior Ct. 163, 167.

The court concludes that the painting in question constituted a repair to defendants' dwelling house and that under the Act of June 4, 1901, P. L. 431, supra, and the amendments thereto, it is not required that there be both alteration and repair to permit the filing of a mechanic's lien for painting the exterior and interior of a building.

In an opinion filed by this court on October 25, 1946, in Diem v. Whirt, 50 Lanc. 259, it was decided that where a contract is between claimant and owner, the same particularity as to dates and as to kind and amount of materials furnished and work done is not required as in a claim by a subcontractor against the owner. In Steinback's Sons v. Keystone Oil Service Company, 38 Lanc. 547, a similar ruling was made. The latter case was referred to with approval in Johnson et al. v. Kusminsky et al., 287 Pa. 425, 429. Mr. Justice Walling in his opinion said: "A mechanic's

lien by contractor against owner setting out the first and last items, is sufficient." In the instant case the mechanic's lien is based upon an alleged oral contract for a definite sum of money to be determined by the cost of the materials and the number of hours of labor at the stipulated rate of $1.10 per hour. In Miller v. Bedford, 86 Pa. 454, it was decided that where a mechanic's claim sets forth that it was for work done and materials furnished in pursuance of a contract, it is regular on its face, and the lien will be sustained by proof that the price of the work was to be ascertained by measurement after its completion.

In Delaware County Supply Co. v. Scavicchia, 33 Del. Co. 35, decided September 2, 1944, the court followed what was said in Willson v. Canevin, 226 Pa. 362, 367:

"The statement gives the owners a detailed account of the various items of materials furnished, the total of the price to be paid and the kind of materials furnished. This is all the information he needs to enable him to deal intelligently with the contractor and protect himself. He can readily ascertain, if he desires to know, whether or not the contract price was exorbitant and beyond the fair value of the materials agreed to be furnished. If he desires, he can have a price put upon each item of the material furnished by a person competent to value it and in that way determine whether the sum total is exorbitant."

The court is of the opinion that the claim filed in this case makes out a prima facie case for recovery. However, as stated in Diem v. Whirt, supra (p. 260):

"In the trial of the case the essentials of a good lien must be shown and defenses under any section of the Mechanic's Lien Act and the amendments thereto, are open to the owner. Intercoastal Lumber Distributors, Inc., v. Derian et al., 117 Pa. Superior Ct. 246, 254."

Plaintiff must establish by competent and sufficient evidence the nature, amount and cost of materials as

well as the hours of labor and the contract price therefor.

The cases cited by defendants involve a subcontractor and are not controlling in the case at bar.

And now, May 16, 1947, the rule to strike off the mechanic's lien is discharged.