## In re HOWETT.—LANDIS'S APPEAL.

An alteration of, or an addition to a house, is not the subject of a mechanic's lien. Hence, where the front wall of a house was taken down, and a new wall erected on a different foundation, and the inside of the house, excepting the floors, was altered and renewed, and a new roof was put on, and a new back building was erected, the claims for work and materials were held not to be liens within the act.

FROM the District Court of Lancaster.

The real estate of Howett having been sold by the sheriff, the question in this cause was, whether the claims of mechanics, filed against the property, had priority over a judgment-creditor? The work for which the claims were filed was commenced about December 23, 1847, and finished in March, 1848. A judgment was recovered against Howett on the 25th April, 1848. The claims were filed on and after April 27, 1848. The evidence was, that Howett purchased the property a short time before the work commenced. It was an old-fashioned two-storied house, with a pent roof, formed by the joists of the second story projecting. The roof was propped up, and the front wall taken out and rebuilt on a new foundation, outside and adjoining the old foundation, which was left standing. The old rafters were spliced, and a new roof put on, with new dormer windows. All the partitions in the house but three were altered. The whole of the inside work but the floors were taken out; and the chimneys, below the garret floor, were taken down. New door-ways and windows were cut, and new work put in the old doors and windows. The back and side walls,

floors, and the foundations of the old house remained. It was proved that the cost of a new building would have exceeded the cost of these alterations. Adjoining the house, a new two-storied back building was erected, without a cellar: a new smoke-house, bake-oven, and privy were also erected. During these alterations, the family removed from the premises.

Of the seventeen claims filed, seven were for claims apportioned on the main and back building, one-half on each. The remaining ten were filed against the building and back building as one house.

The court (HAYES, P. J.) awarded the fund to the mechanics' claims, and the judgment-creditor appealed.

*Franklin* and *Stevens*, for the appellant, contended this was but an alteration of an old house, and, therefore, not within the act: 8 W. 514; 2 Mil. 359.

*Thompson, Ellmaker, Ford, Long*, and *Parke*, contrà.—This was in effect a new erection: 2 P. A. Br. 284; 1 Ashm. 377; 2 Barr, 77; 2 Raw. 262. In 8 W. there was but an addition; and in 2 M. the family continued to reside in the building.

*May* 22.  COULTER, J.—The statute creates a lien in favour of mechanics and material-men, where a building has been *erected or constructed*. Hypercriticism upon words or phrases is not much favoured by the law, which looks rather to the intent and spirit than to the letter. Yet we must not confound the meaning of words, which are, in most cases, the true key to the intent of the law given.

In the common understanding and language of the people, when we speak of the erection or construction of a house or building, we mean the erection of a new house or building, and not the repairing of an old one. And we must presume that such was the intent of the legislature, because it accords with what is the spirit, as well as with the words of the act. If repairing an old house is within the act, where is the line of distinction to be drawn? Will making a new door or partition give the mechanic and material-man a lien on the whole building and lot? How much of the old house must be pulled down, and of what extent shall the repairs be? Or does the act include every material repair?

These are questions which the statute furnishes no indication of a criterion to judge by, and where judicial discretion and experience would be at fault. There are expressions, in the opinion of this court, in the case of Driesbach v. Keller, delivered by Judge Sergeant, which would seem to include repairs within the meaning of

the statute. But we look beyond the opinion to the case itself, which was, in fact, the erection of a new house. There was a small one-storied house on the lot, and the owner built a new two-storied house alongside of it, and took off the roof of the one-storied tenement, raised it to two, roofed it along with the new one, and also new weather-boarded them. Now, there was a new house built, into which the owner removed whilst the old one was being made part of the new. It is more consonant to reason to hold, that the little old one followed the condition of the new, than that the large new one followed the fortunes of the old. This accords with the view of the statute taken by this court in the case of Miller v. Oliver, 8 W. 511, where it was held that the addition to a house which had been built and occupied, was not within the statute. And, in Perigo v. Vanhorn, 2 Miles, 262, it was held that, for remodelling or repairing, the mechanic has no lien.

In the case before us it was essentially, practically, and ornamentally remodelling and repairing an old house. The front wall was taken down to the cellar, and the roof taken off, except the rafters; but there stood the other walls, in exactly the same spot, and the same foundation. The front wall was modernized, and deprived of its old-fashioned pent roof; the floors remained. Every passer-by would say, Mr. Howett has remodelled and repaired his old house.

The lien of the mechanic and material-man ought not to be extended beyond the terms of the statute, because it is often a secret lien, extending back from the date of its entry and publicity, thus over-riding honest and fair judgments.

> The decree of the court below is reversed; and the clerk of this court is directed to enter a decree awarding the money to the other lien-creditors, according to their priority on the record.