## Armstrong *versus* Ware.

20   519
187   459

1. Where the structure of a building is so completely changed that, in common parlance, it may be properly called a new building, or a rebuilding, it comes within the Mechanics' Lien Law.

2. Where every part of an old building is removed except the back wall and part of the side walls, and the openings in them are changed, altering the whole internal structure and external form of the building and adding both to its length and height: such a building is the subject of a mechanic's lien.

ERROR to the District Court, *Philadelphia*.

This was a *scire facias* in favor of David Armstrong and Joseph Paxon, *v.* Isaac C. Ware and Others, Trustees, &c., owners or reputed owners, and Theodore A. Foster, contractor.

It was on a mechanic's lien.  The building against which the lien was filed was a brick church, first built in 1816, one story high, being one room, standing about 25 feet back from the street.  The trustees of the church wanted a new and larger building erected, and they contracted in writing with Theodore A. Foster to make certain "additions and alterations" for $2345.  He contracted with the plaintiffs for part of the work and materials.

The roof was taken off, the whole building taken down, and all the work and materials removed except three brick walls about 18 feet high; viz., two side walls and one back wall, which were cut away about one-half for new window frames:—so that the only appearance of a house was three pieces of brick walls;—the front wall being taken down to the ground, including the foundation. A new front wall was put up, with new foundations—the side walls were lengthened eleven feet, with new foundations—and the whole building carried up eleven feet higher—making it three stories high, having a basement-room, church, and gallery; every part being built on a new and more extended plan—totally differ-

[*Armstrong v. Ware.*]

ent from the old—and it was plastered on the outside; so that no appearance of the old building remained.

The question before the Court was, whether such a building was the subject of a mechanic's lien. The Court below considered it merely as an alteration of an old building, and on that view nonsuited the plaintiffs.

Error was assigned to the nonsuit, and refusal to take it off; and to the rejection of evidence as to the cost of rebuilding the church anew. It had been alleged that for $200 more the contractor would have taken down all of the old building, and erected it anew from the foundation.

The case was submitted on printed argument. In that on the part of the plaintiff in error, it was contended that where the alterations of a building are such as to render it substantially a new building, different in its capacities and appearance, it is the subject of a lien; where from observation it is evident that a mere alteration or addition has been made, then it is not. Reference was made to the cases in 2 *Brown* 275–284; 8 *Watts* 514; 2 *Miles* 359; 2 *Rawle* 272; 5 *Barr* 77, Driesbach *v.* Keller; 10 *Id.* 279, Landis' Appeal; 2 *Am. Law Journ.* 83. It was contended that the alterations in this case rendered the building substantially a new one, and that it was within the decision in the case of Driesbach *v.* Keller.

The opinion of the Court was delivered, June 20, by

LOWRIE, J.—The law gives a lien to mechanics on "every building erected" by them; but not for adding to or altering an old building. The parties in their contract call this work additions and alterations: but is it properly so? Every part of the house was reconstructed, except a part of three walls, and even in them the openings are new.

There must necessarily be cases wherein it is difficult to decide whether work done is to be regarded as the erection or as the alteration of a building, unless we regard as an alteration, any building in which old materials enter as an element, which would be unreasonable. A saddle may be new, though old stirrups, and even some leather of an old one, be used in making it. A sawmill may be new though it has an old water-wheel or forebay. Where the structure of a building is so completely changed that, in common parlance, it may be properly called a new building or a rebuilding, it comes within the lien law. This is sometimes difficult to decide, and then it must be left to the jury. Under the evidence here, the Court might have decided that it is a case of a "building erected" within the meaning of the lien law, and ought not to have ordered a nonsuit.

Judgment reversed and new trial awarded.