## J. N. PATTERSON ET AL. v. FRAZIER BROTHERS.

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued November 1, 1888—Decided January 7, 1889.

1. When, on the trial of a scire facias sur mechanics' lien filed for work and materials furnished for the "erection and construction" of a building, the facts are ascertained or undisputed, it is for the court to determine what does or does not constitute a new structure.
2. In such case, if the alterations, though extensive, are almost wholly upon the interior of the building, the exterior remaining substantially the same, it is the duty of the trial judge to instruct that there has been no such change of the structure as to amount to a new erection within the act of June 16, 1836, P. L. 696.

3. It seems, that when a lien is filed for work, etc., for the " erection and construction " of a building in Allegheny county, and the evidence is undisputed that the work, etc., were for alterations of such building and not within the act of 1836, it is not valid under the act of May 1, 1861, P. L. 550, extended to Allegheny county by the act of February 16, 1865, P. L. 150.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK, WILLIAMS and HAND, JJ.

Nos. 95, 96, 97 October Term 1888, Sup. Ct.; court below, Nos. 69, 70, 71 September Term 1887, C. P. No. 1.

To the first Monday of July, 1887, three several writs of scire facias sur mechanics' liens were issued in actions by John Frazier, et al., partners as Frazier Brothers, in one of which Joseph N. Patterson, was defendant, in another, C. F. Haseltine and E. H. Haseltine, his wife, in right of said wife, and in the third, Thomas H. Patterson. Issue in each action.

The causes were tried together on March 12, 1888, when the following facts appeared:

Upon a lot of ground on Sixth street, Pittsburgh, the title to which in four several parcels was vested for life in Joseph N. Patterson, Mrs. E. H. Haseltine, Thomas H. Patterson and R. W. Patterson, had been erected a building known as the Patterson Block, the upper floors of which were used and let as offices and the lower floors as store-rooms. This building was so constructed that the part thereof upon the particular lot of each of the persons named was distinct from the part upon the lot of each of the others, although for convenience there was a common entrance and stairway to the upper floors.

After said building had been erected, T. H. B. Patterson, as trustee and agent for the life-tenants, entered into a contract with Frazier Brothers for the making of certain changes in the building so as to convert it into a hotel building. The work having been completed, and a balance due upon the contract left unpaid, Frazier Brothers apportioned said balance to the parcels owned by the several life-tenants and filed liens therefor, each lien setting forth: "The sum aforesaid being a debt contracted for the construction, erection and completion of said Patterson Block, now part of the Hotel Albemarle (the part thereof described), by said claimants continuously, within

six months last past, in and about the erection and construction of said building," etc.

The evidence was undisputed that the Patterson Block was originally a four story building, the ground floor consisting of store-rooms with large glass fronts, on Penn avenue and Sixth street; the second and third floors consisted of offices, and the fourth floor made up a large hall. The internal changes made by the plaintiffs were as follows: a floor was put in above the fourth floor, making a fifth floor: partitions were made to divide the fourth and fifth floors off into rooms; the second and third floors were also so divided, hall-ways changed, doors cut, and some new windows made, the majority of them opening upon alleys in the rear. The only external change was by a new door put in the front of one of the store-rooms, which from a store-room was made the entrance into the hotel. The glass front and windows of the front were retained. The external appearance of the other store-rooms was unchanged.

The court, STOWE, P. J., upon the question decided in this court charged the jury:

If it turns out, as I have suggested, that the work done upon the several properties owned by the defendants, amounted to the balance then due, their several properties are liable for the amount of the claim without there is some reason in the case which would prevent a mechanics' lien being filed or a recovery being had in this way; and that brings us to another question, and that is simply whether the alterations and change made in this building were such as justified the filing of the lien. Under the act of assembly, in Allegheny county, to maintain a lien of this kind, on a building of this kind, there must be a new erection. That don't mean it must be a new house built from the foundation up, because it has been held that that is not necessary; but the erection or building should be of such a character as that when the changes or alterations are made it will have assumed substantially a new form so as to indicate in fact a substantial change and be in substance and in effect a new building, and it seems to me that is really the main question in this case. Take a building like this, knock down a few partitions, run some other partitions across and use it for some other general purpose; the court would say, as a matter of law,

it did not come within the lien law, because it was not in any shape or form a new erection. [But, where the alterations substantially change the entire character of the building, and particularly where there are any external changes made, or even where the internal changes are of such a character as to manifestly indicate that it is a substantially new structure, turning three or four buildings, if you choose into one, it may do. It does not then become a question of law. It is for the jury to say whether the changes have been so substantial and material as to make it really and in effect a new building, such as would be apparent and manifest to anybody looking at it. That is for the jury in this case to determine, and not for the court, and it is the main question, I think.] [4]

The defendants request the court to charge [inter alia] :

3. That if the jury find that there was no erection and construction of a new building, but simply an alteration and repair of an old one, the verdict must be for defendants.

Answer: This is affirmed. If it is the mere alteration of an old building, so as not to give it substantially a new character, so that it may be in effect and substantially a new building, then it does not come under our act of assembly of 1836, under which this lien is filed, and of course you must find for the defendants.

4. That to constitute a new building, the building must be so changed that it denotes an entirely different building, and that a change of purpose or interior arrangement will not make a new building.

Answer: This point brings up the main question in the case, and our answer to it is this: This is certainly a correct statement of the law as laid down by the Supreme Court in a case referred to by counsel, but notwithstanding this is so, I am not able to give an absolute approval of it as applicable to this case. The principle involved in that case is, that the change of the building must be so great and radical as to indicate to parties interested by general or casual, external observation or inspection, that an old structure has been changed into one substantially new. This may be done in some cases without any great change of the external appearances of a building. Thus, if a building containing a dry goods store, should have its internal arrangement radically changed, be turned into a flouring mill,

Charge of Court below.

so that the change would be obvious by external inspection, I apprehend it would be treated as a new building under the lien law. In regard to the case in hand, the evidence shows there is some change in the external appearance of this building. One of these store-rooms was thrown into an entrance hall, and it was made the entrance into the hotel, which is obvious from looking at it; if you go along the building, you can see that it is different from the others, an absolute change there, that is obvious, as the evidence indicates. In regard to the changes in the case in hand, there is some change in external appearance, a very considerable one in internal arrangement by which it was changed from several purposes into one purpose, to wit, a hotel. It was used before as several stores, and it was thrown in a way together; so it is used now for the one common purpose, and that purpose is a hotel. The question is for you as to whether the block of buildings used as they were before the change, has by the alterations made, been changed into what constitutes in substance and in effect a new building. That is, has the structure of the building been so completely changed, that in common parlance, it may be properly called a new building or re-building. If so, it comes within the lien law. That is the very language of the Supreme Court in one case. " If the structure of the building has been so completely changed, that in common parlance it may be called a new building or a re-building, it is within the lien law," and that is a question for you to determine under the evidence. If so, it comes within the lien law and you should find for the plaintiffs. If you should find that it is not so, that the building has not been so changed, you should find for the defendants. If you find for the plaintiffs, you take the whole amount of the claim and divide it by three.[3] . . . . .

The jury returned a verdict in favor of the plaintiffs against Joseph N. Patterson for $981.64; against C. F. and E. H. Haseltine for $1,049.17, and against Thomas H. Patterson for $961.18. Judgments having been entered upon the verdicts, the defendants severally took these writs, and assigned as error [inter alia]:

3. The answer to defendants' fourth point.[3]
4. The part of the charge embraced in [ ][4]

*Mr. S. B. Schoyer* (with him *Mr. S. Schoyer, Jr.,*) for the plaintiffs in error:

1. A mechanics' lien will not lie under the act of June 16, 1836, P. L. 696, for alterations and repairs: Driesbach v. Keller, 2 Pa. 77; Landis's App., 10 Pa. 379; Summerville v. Wann, 37 Pa. 182; unless the structure be so completely changed that in common parlance it may be called a new building, or a re-building: Armstrong v. Ware, 20 Pa. 519. And it is not the extent of the alterations made, but the change in the external character of the building, which determines whether it is to be regarded as a new structure or not: Miller v. Hershey, 59 Pa. 64. In Allegheny county a lien will not lie for alterations and repairs to a leasehold: Hancock's App., 115 Pa. 1.

2. The answer to the point, and the charge to the jury, assigned as error, were erroneous and misleading. The court instructed as matter of law that the change of purpose and of interior arrangement is the essential thing, and that if this is indicated by any external change, however slight, or even if there be no external change, provided the internal change is of such a character as to be obvious from external observation, it will constitute a new erection. This amounted to a binding instruction that the changes in this building, as a matter of law, constituted a new building; whereas the instruction should have been that under the undisputed evidence the changes did not constitute a new erection and the liens were not valid.

*Mr. Winfield S. Wilson,* for the defendants in error:

1. Whether the work covered by these liens constituted a new building, or simply the alteration and construction of an old one, we submit was a question to be left to the jury. It was so submitted, and the jury found the issue in our favor. As early as 1853, this court in Armstrong v. Ware, 20 Pa. 520, said: "Where the structure of a building is so completely changed that in common parlance it may properly be called a new building, or a re-building, it comes within the lien law." This is sometimes difficult to decide, and then it must be left to the jury. The authorities cited by the defendants, and especially Miller v. Hershey, 59 Pa. 64, all deal with the law as it stood prior to the act of May 1, 1861, P. L. 550, providing

a lien for alterations and repairs, in certain counties, extended to Allegheny county by act of February 5, 1865, P. L. 150.

2. The question virtually submitted to the jury was, When was the Hotel Albemarle erected? In the erection of that hotel was the old Patterson Block so completely changed that in common parlance it may properly be called a new building, or a re-building? Surely, under the authority above cited, the court below made no mistake in thus submitting these cases to the jury, but would have fallen into grave error had it withdrawn the cases from the jury.

OPINION, MR. JUSTICE PAXSON:

These cases all depend upon the same principle. They were mechanics' claims filed against a block of buildings in Pittsburgh, known as the Patterson Block. The claims filed were for the "erection and construction," while the evidence is uncontradicted that the work was done and the materials were furnished for alterations and repairs. The learned judge submitted to the jury the question whether the alterations were such as to render it practically a new building, and they found in favor of the plaintiffs.

A lien will not lie for alterations and repairs under the act of 1836: Driesbach v. Keller, 2 Pa. 77; Landis's App., 10 Pa. 379; Summerville v. Wann, 37 Pa. 182. Where, however, the structure of a building is so completely changed that, in common parlance, it may properly be called a new building, or a re-building, it comes within the act of 1836: Armstrong v. Ware, 20 Pa. 519. The law upon this subject was finally settled in Miller v. Hershey, 59 Pa. 64, where it was held that alterations and repairs of a building, which do not fairly change its exterior into a new structure, cannot confer a lien. The subject is there very thoroughly discussed by Justice AGNEW, and it is unnecessary for me to add anything to what he has so well said. And where the facts are ascertained or undisputed, it is for the court to determine what does or does not constitute new buildings: Norris's App., 30 Pa. 122; Armstrong v. Ware, supra.

In the case in hand, the alterations were extensive, but were almost wholly upon the interior of the building. The exterior remained substantially the same. The principal external alter-

ation was a door put in one of the store-rooms, which instead of a store-room was changed into the entrance to a hotel. The glass front and windows of the store-room were retained, and the only change was in the door. A few windows were cut in the rear of the building overlooking alleys, but they were not visible from the front. From the outside the building presented substantially the same appearance after the alterations as before. How then can it be said that it was substantially a new building? Under the circumstances we think it was the duty of the learned judge to instruct the jury that there was no such change as to amount to a new erection.

The judgment is reversed in each case.

Argued November 1, 1888—Decided January 7, 1889.