# W. R. Warren, Appellant, v. Henry G. Freeman and The Quaker City Wheelmen, Owner or Reputed Owner, and The Quaker City Wheelmen, Contractor.

*Mechanic's lien — New building — Additions and alterations—Act of June 16, 1836.*

While a mechanic's lien will not lie under the Act of June 16, 1836, P. L. 695, for alterations and repairs, yet if the structure of the building is so completely changed that in common parlance it may properly be called a new building, or a rebuilding, it comes within the act.

Newness of structure in the main mass of a building—that entire change of external appearance which denotes a different building from that which gave place to it, though some parts of the old may have entered into it—is that which constitutes a new building, as distinguished from one altered.

Where the evidence descriptive of the changes made in an old building is uncontradicted, the duty is imposed upon the trial judge of determining whether the structure against which the claim is filed was an altered or a new one.

On a scire facias sur mechanic's lien filed under the Act of June 16, 1836, it was contended that certain changes in an old building converted it into a new building. The claim described the building as a "three-story brick building, consisting of front building of Pompeian brick, fronting Oxford street, thirty-six feet six inches, and extending in depth twelve feet, main building three-story brick, thirty-six feet six inches in width and about thirty-six feet in depth, and gymnasium building two-story brick thirty feet in width and about sixty feet in depth." It was in fact an enlargement of an old building which consisted of the main building referred to in the claim, and a three-story building in the rear of it, twenty feet in width and thirty feet in depth. The changes made in the old building, which are claimed to have converted it into a new structure, were as follows: The second and third stories of the back building were taken down and the back wall of it was removed; the location of the east wall of it was not changed, but the west wall, in accordance with the plan devised for the enlargement of the building, was located on the west line of the lot. The building as enlarged was twenty feet high, of the width of thirty feet, and of the depth of sixty feet. The only change in the main building aside from some alterations in the interior was the extension of it to the building line on Oxford street. *Held*, that a lien would not lie on the building under the act of 1836.

Argued Jan. 27, 1898.    Appeal. No. 376, Jan. T., 1897, by plaintiff, from judgment of C. P. No. 1, Phila. Co., June T., 1896, No. 40, M. L. D., on verdict for defendants.    Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ Affirmed.

Scire facias sur mechanic's lien. Before BIDDLE, P. J.

At the trial it appeared that no notice had been given to the owner of the work for which the claim was filed, and that the claim was filed under the act of June 16, 1836. The description of the work done and the changes made in the building are fully stated in the opinion of the Supreme Court.

The trial judge directed a verdict for the defendants.

Verdict and judgment for defendants.

*Error assigned* was in directing verdict for defendants.

*Thomas H. Speakman* and *A. J. H. Frank*, for appellant.—
The undisputed testimony of all the witnesses, who are experts, and who are entirely familiar with all the detail work of construction, all of whom were working on the house, conclusively shows that this building was so far reconstructed by repairing the old main building and connecting valuable additions thereto that it must be considered as a new building, for all purposes of liening the same: Wheeler v. Kelley & Co., 167 Pa. 420 ; Grable v. Helman, 5 Pa. Superior Ct. 325 ; Miller v. Hershey, 59 Pa. 67 ; Harman v. Cummings, 43 Pa. 322 ; Nelson v. Campbell, 28 Pa. 156 ; Parrish's App., 83 Pa. 120 ; Armstrong v. Ware, 20 Pa. 519 ; Hershey v. Shenk, 58 Pa. 382 ; Long v. McLanahan, 103 Pa. 545 ; Landis's App., 10 Pa. 380 ; Savoy v. Jones, 2 Rawle, 343 ; Anshutz v. McClelland, 5 Watts, 487 ; Holdship v. Abercrombie, 9 Watts, 52.

The cases apparently contradictory to appellant's contention, considered in their true light, clearly show no sufficient change in outward appearance of structure as to justify a lien filed in accordance with the terms of the act of 1836, and are explained as follows: In Morrison v. Henderson, 126 Pa. 216, the claim was contradictory in averment, and therefore stricken off. It was a mere alteration of a back building, only costing $378. In Thomas v. Hinkle, 126 Pa. 479, a lien was filed in accordance with the terms of the act of 1868, as for an addition merely, and against the new building, and as the property was sold before the lien was filed, of course no lien was acquired, because contrary to the provisions of the act of 1868, which denies the right to lien if property is conveyed to purchaser before a claim is filed. In Landis's App., 10 Pa. 379, the roof was

propped up and front wall taken out and modernized, but the other walls stood on the same spot. COULTER, J., said, "Every passerby would say, Mr. Howett has remodeled and repaired his old house." In Murphy's App., DeWald v. Woog, 158 Pa. 497, above the first story the front wall was not changed, and the building was occupied as a restaurant while the work was in progress. In Seifert's App., 158 Pa. 57, there was merely a splicing of old parts of the building with upper story of the new building. In Groezinger v. Ostheim, 135 Pa. 605, the claim was filed for a new addition or back kitchen, twelve feet long, with three new walls, to the old back building of a two-story brick dwelling. It was clearly a slight improvement, and not a rebuilding, and, of course, notice should have been given to the owner in accordance with the terms of the act of 1887. In Best v. Baumgardner, 122 Pa. 17, no claim was made under the act of 1836. It was for an addition to dwelling house, for only $260.25. In Patterson v. Frazier, 123 Pa. 414, the undisputed testimony was that the work was for alterations upon the interior of the building only, while the converse is the fact in the appellant's case.

*George P. Rich*, with him *Henry C. Boyer*, for appellees.— This was manifestly but an alteration of and an addition to the original building, the main body of which externally remains as it was originally erected, the only changes being the addition of a modern front and an enlargement of the back building.

Under the original mechanic's lien act of 1836, and the rule as laid down in Landis's App., 10 Pa. 379, Miller v. Hershey, 59 Pa. 64, and Patterson v. Frazier, 123 Pa. 414, this does not constitute the entire structure a new building against which, as a whole, the lien can be filed; and hence this lien, having been filed against the whole building, is invalid. The court below was therefore right in directing a verdict for the defendants without requiring them to go into their side of the case.

Whatever may have been the state of the law originally, the act of 1887 as now construed lays down a new, clear and concise rule to be followed. A building is either a completely new erection or construction, or it is not; if it is not, it must be either a repair, an alteration or an addition; no other species is conceivable. The act has said that where the work done is

the repair, or alteration of, or an addition to an old building, it must now be treated as such, and not by any forced construction be brought under the act of 1836, in order to establish a lien.

When a lien is claimed for alterations and repairs, it must so indicate on its face, and be filed against the whole building as thus altered and repaired; otherwise it is incurably defective. Hence, under this rule, established in Wharton v. Real Estate Investment Co., 180 Pa. 168, as this lien is filed for erection and construction, it is incurably defective: Morrison v. Henderson, 126 Pa. 216.

Under the rule laid down in Best v. Baumgardner, 122 Pa. 17, Thomas v. Hinkle, 126 Pa. 478, and Groezinger v. Osthiem, 135 Pa. 604, as no previous notice had been given by the plaintiff of his intention to file this lien, the lien cannot be supported, and the court below was right in instructing the jury to find for the defendant: Smyers v. Beam, 158 Pa. 57.

The cases of Thomas v. Hinkle, 126 Pa. 478, and Groezinger v. Ostheim, 135 Pa. 604, settle conclusively that the work done in this case must be held in law to be alterations and additions, and be governed by the act of 1887; therefore the court below was right in giving a binding instruction to that effect: Smyers v. Beam, 158 Pa. 57.

OPINION BY MR. JUSTICE McCOLLUM, October 17, 1898:

The contention of the plaintiff is that he has, by virtue of his claim filed on June 3, 1896, under the act of June 16, 1836, a valid lien on the building described therein. It is conceded that if the alterations and repairs upon it constitute a new structure he is entitled to judgment for the amount of his claim. The defendants, however, contend that his claim is not enforceable against the building because it represents work done and materials used in altering and repairing an old building, and not in the erection and construction of a new one. The claims grounded upon the erection and construction of a building must be filed under the act of 1836, and the claims based on alterations and repairs must be filed under the act of May 18, 1887, and in strict conformity with its provisions. In the case in hand the claim is filed against a building described as a "three-story brick building, consisting of front building of Pompeian brick,

fronting Oxford street thirty-six feet six inches, and extending in depth twelve feet; main building three-story brick, thirty-six feet six inches in width and about thirty-six feet in depth, and gymnasium building two-story brick, thirty feet in width, and about sixty feet in depth." The building described in the plaintiff's claim is an enlargement of an old building which consisted of the main building referred to therein, and a three-story building in the rear of it, twenty feet in width and thirty feet in depth. The changes made in the old building which are claimed to have converted it into a new structure, were as follows: The second and third stories of the back building were taken down and the back wall of it was removed; the location of the east wall of it was not changed, but the west wall, in accordance with the plan devised for the enlargement of the building, was located on the west line of the lot. The building as enlarged is twenty feet high, of the width of thirty feet, and of the depth of sixty feet. The only change in the main building aside from some alterations in the interior is the extension of it to the building line on Oxford street.

It is so well settled that a lien will not lie under the act of 1836 for alterations and repairs that a discussion of or extended reference to the cases in which the subject is fully considered is unnecessary. It has been held, however, that where the structure of a building is so completely changed that in common parlance it may properly be called a new building or a rebuilding it comes within the act: Armstrong v. Ware, 20 Pa. 519; Patterson v. Frazier, 123 Pa. 419. "Newness of structure in the main mass of the building—that entire change of external appearance which denotes a different building from that which gave place to it, though some parts of the old may have entered into it—is that which constitutes a new building, as distinguished from one altered:" Miller v. Hershey, 59 Pa. 64. In Landis's Appeal, 10 Pa. 379, it was held that where the front wall of a house was taken down and a new wall erected on a different foundation, and the inside of the house, excepting the floors, was altered and renewed, and a new roof was put on, and a new back building was erected, the claims for work and materials were not liens within the act.

In the case at bar the roof and the side and back walls of the main building remain unchanged, and the alterations made in

the interior of it, together with the front extension of twelve feet, are insufficient to give to it the appearance of a new building. The same may be said of the enlargement of the back building. The evidence descriptive of the changes made in the old building, being uncontradicted, casts upon the trial judge the duty of determining whether the structure against which the claim was filed was an altered or a new one: Armstrong v. Ware, supra, Norris's Appeal, 30 Pa. 122, and Patterson v. Frazier, supra. He held that the building as altered and enlarged was not a new structure, and that the claim filed against it was not a lien upon it within the act of 1836. He accordingly directed the jury to find a verdict for the defendants. In his conclusion respecting the building and in his direction to the jury we concur. The plaintiff was not entitled to a lien on the building under the act of 1836, and he made no effort to obtain one under the statutes which authorize liens for alterations, additions and repairs.

Judgment affirmed.