# Porter *v.* Weightman, Appellant.

*Mechanic's lien—Character of building—Alteration and repairs—New structure—Act of June 4, 1901, P. L. 431.*

When the facts are ascertained or undisputed, it is for the court to determine what does or does not constitute new buildings.

Where the new part of the external walls and roof of a building are in precisely the same position which had been occupied by a part of the building torn away, and the interior arrangement remains unchanged, the operation is not a substantial addition to a building within the meaning of the Act of June 4, 1901, P. L. 431, but a work of restoration and repair, the substitution of new work for old in a part of the building which had fallen into decay.

Argued Oct. 13, 1905. Appeal, No. 57, Oct. T., 1905, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1901, No. 85, on verdict for plaintiff in case of Thomas Porter v. William Weightman, deceased, Anne M. Walker, substituted defendant. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Scire facias sur municipal lien. Before WILLSON, P. J.

The facts are stated in the opinion of the Superior Court.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $173.50. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*John Kent Kane,* with him *Hampton L. Carson,* for appellant.—When the facts are ascertained or undisputed, it is for the court to determine what does or does not constitute new buildings: Norris's App., 30 Pa. 122; Patterson v. Frazier, 123 Pa. 414; Mehl v. Fisher, 13 Pa. Superior Ct. 330; Caldwell v. Keating, 18 Pa. Superior Ct. 297; Dunbar v. Washington Foundry, 210 Pa. 58.

The words of the act must mean such a substantial change of a building as practically alters the character of the whole

building: Thompson's App., 3 Pa. Superior Ct. 643; Miller v. Hershey, 59 Pa. 64; Goeringer v. Schappert, 17 Pa. Superior Ct. 293.

In all cases where work has been held to be a new erection, the alterations were so substantial as to make practically a new building of the entire structure, although part of the original structure may have entered into its construction: Caldwell v. Keating, 18 Pa. Superior Ct. 297 ; Kolb v. Reformed Episcopal Church, 18 Pa. Superior Ct. 477 ; Hothersall v. Rust, 18 Pa. Superior Ct. 495.

*Francis G. Taylor*, for appellee, cited: Dunbar v. Washington Foundry, 210 Pa. 58.

OPINION BY PORTER, J., November 21, 1905:

This is a scire facias upon a mechanic's lien. The lien described the building against which it was filed as a two-story brick factory building, " situate on the east side of Palm street, and extending northwardly and southwardly from the north side of Brown street to the south side of Parrish street and eastwardly and westwardly from the east side of Palm street to the west side of Kessler street and its continuation where it runs into Ninth street, containing in front or breadth on the south side of Parrish street one hundred feet, and on the north side of Brown street one hundred feet, seven-eighths of an inch, and on the west side of Kessler street, and its continuation where it runs into Ninth street, three hundred sixty-seven feet eight and one-quarter inches." The defendant filed an affidavit of defense averring that the work was not done in and about the erection of a new or original structure, but merely the alteration and repair of an old building; and that the claimant had not served the written notice upon which his rignt to file a lien for work of this character was dependent.

It was, at the trial in the court below, " agreed between counsel that the work was done by Thomas Porter, who furnished the labor and materials as set forth in the lien, that the notices required by the act of assembly, if this be a new erection, were given, but if it was merely an alteration and repair of an old building, the notices required by the act were not given, and that the question here is simply whether or not this

is such a substantial addition to a building as to be a new structure under the act of assembly of 1901."

The plaintiff produced evidence as to the character of the old building, the extent and details of the new work and its relation to those parts of the old building which remained unchanged, and the effect of the work upon the building as a whole. The defendant offered no testimony; there was no dispute as to the facts, nor could conflicting inferences be drawn from them. The factory, or chemical works, of the defendant occupied the entire block bounded by Brown, Palm, Parrish and Kessler and Ninth streets, there was in the middle an open court to which access was had through a gateway. The operation in which the claimant did the work for which he now asserts the right of lien consisted of tearing down a section of the building on the Ninth street side and rebuilding it upon the same lines. The east front of the building, along Kessler and Ninth streets, was 367 feet substantially as stated in the lien, and for a large part of that distance was two stories in height, but it did not, as incorrectly stated in the lien, continue of the same height throughout the entire distance, a part next to Parrish street being three stories high. There were windows in the wall of this eastern side, but no openings for entrance to the building, to the various parts of which access was had from the courtyard. The roof over this entire two-story part of the building was continuous and under that roof no division was extended from the ground to the roof. The only manner in which one part of this two-story building was divided from another was by cross-walls, which extended up one story to the joist or tiebeams, upon which some boards were laid but not so closely that they could be called a floor, above this up to the roof the entire two-story building was open through from end to end. One of the rooms into which the building was thus divided was used for the manufacture of acid, which in time so affected the mortar in the walls that they became weakened and unsafe, and to remedy this condition the work in question was undertaken. Fifty-six feet of the wall of the two-story building on the side next Ninth street and the foundation under it were removed, a corresponding section of the parallel wall twenty-five feet to the westward, along the interior courtyard, was torn down to the top of the founda-

tion; one of the cross-walls extending from the floor to the joist above the first story was torn down, and fifty-six feet of the roof was removed. The part of the foundation removed on the Ninth street side was replaced with new work, and the part of the brick wall above it which had been removed as well as the part upon the side next the courtyard each of which had formerly been nine inch walls, were replaced by new walls, built upon the same external lines, but each thirteen inches thick; a new cross-wall was built, of the same thickness and height as that which had been torn down, and the part of the roof which had been torn out was replaced by new work, upon the same lines with the old. When the work was completed the entire two-story part of the building was again covered by a continuous roof, precisely as it had been before the work was commenced, the external walls stood upon the identical ground which they had formerly occupied; so far as external appearance was concerned, the only change which had taken place was that a fraction of the wall on the Ninth street side, as well as upon the side next the courtyard, was new, where it had formerly been old. The interior arrangement of the building remained the same, there was no adaptation of an old structure to a new or distinct use, the appliances for carrying on the branch of the business to which the room was devoted, and the brick pavement upon the ground floor, had remained in position during the entire process of replacing the old and weakened part of the building with new and stronger walls.

When the facts are ascertained or undisputed, it is for the court to determine what does or does not constitute new buildings: Norris's Appeal, 30 Pa. 122; Patterson v. Frazier, 123 Pa. 414; Mehl v. Fisher, 13 Pa. Superior Ct. 330; Caldwell v. Keating, 18 Pa. Superior Ct. 297. Had the room in which this manufacture of acid was carried on been situated in a detached building and the walls had become so weakened that it had been necessary to rebuild them and put on a new roof, there could have been no question that the operation was a new erection. That however is not this case; the parts of the roof and walls removed and replaced with new work were structurally incorporated with a much larger building, of which the room in question was a mere fraction. The plaintiff recognized this fact and filed his lien against the building as a whole, and

the evidence clearly established that the new work had become incorporated into a building, which could not be cut into fragments for the purposes of lien: Hothersall v. Rust, 18 Pa. Superior Ct. 495. The evidence clearly established that the entire building had not become new in its main mass, so as to be considered in its entirety a new construction: Miller v. Hershey, 59 Pa. 64; Thompson's Appeal, 3 Pa. Superior Ct. 643; Caldwell v. Keating, 18 Pa. Superior Ct. 297. The work did not result in the "adaptation of an old structure or other improvement to a new or distinct use which effected a material change in the interior or exterior thereof," so as to be deemed an erection or construction, under the provisions of the Act of June 4, 1901, P. L. 431. The learned counsel representing the plaintiff, recognizing the futility of attempting to recover upon any other ground, entered into the agreement, in the court below, " that the question here is simply whether or not this is such a substantial addition to a building as to be a new structure under the Act of June 4, 1901, P. L. 431, section 3." The evidence clearly established that the work resulted in adding not one cubic inch of space to the building. The new part of the external walls and roof were in precisely the same position which had been occupied by the part torn away, and the interior arrangement remained unchanged. The operation was not a substantial addition to a building, within the meaning of the statute, but a work of restoration and repair, the substitution of new work for old in a part of the building which had fallen into decay. The request of the defendant for binding instructions ought to have been affirmed.

The judgment is reversed.