## Boettiger *v.* Weber, Appellant.

*Mechanic's lien—New construction—Character and appearance of building—Acts of June 16, 1836, P. L. 693, and June 4, 1901, P. L. 431.*

1. Additional work on an old building will be treated as a new erection or construction within the meaning of the mechanic's lien law as it existed prior to the adoption of the constitution of 1874, where it appears that there was such a newness of structure in the main mass of the building as to effect an entire change of its external appearance, and denote a different building from that which gave place to it, though in the composition of the new structure some of the old parts may have entered.

2. A mechanic's lien may be filed against such a structure without written notice given by claimant to owner of an intention to file a lien on or before the day claimant completed his work, as required by sec. 2 of the Act of June 4, 1901, P. L. 431.

Argued April 13, 1914. Appeal, No. 13, April T., 1914, by defendant, from judgment of C. P. Erie Co., Nov. T., 1911, No. 79, on verdict for plaintiff in case of

George W. Boettiger v. Ferdinand Weber.    Before
Rice, P. J., Orlady, Head, Porter, Henderson,
Kephart and Trexler, JJ.    Affirmed.

Scire facias sur mechanic's lien.    Before Walling, P. J.
Verdict and judgment for plaintiff for $154.62.    De-
fendant appealed.

The facts are stated in the opinion of the Superior
Court.

*Error assigned* was in refusing to enter judgment for
defendant n. o. v.

*Robert H. Chinnock,* for appellant.—The work was for
alterations and repairs: Malone v. Hosfeld, 53 Pa.
Superior Ct. 134; Warren v. Freeman, 187 Pa. 455;
Smyers v. Beam, 158 Pa. 57; Caldwell v. Keating, 18
Pa. Superior Ct. 297.

*C. C. Eaton,* of *Marsh & Eaton,* for appellee.—The
court did not err in finding that the work and materials
furnished and used in and about the building of defend-
ant constituted such a substantial addition thereto as·
should be treated as a new erection and construction
thereof: Porter v. Weightman, 29 Pa. Superior Ct. 488;
Patterson v. Frazier, 123 Pa. 414; Caldwell v. Keating,
18 Pa. Superior Ct. 297; Miller v. Hershey, 59 Pa. 64;
Malone v. Hosfeld, 53 Pa. Superior Ct. 134; Hershey v.
Shenk, 58 Pa. 382; Grable v. Helman, 5 Pa. Superior
Ct. 324; Dunbar v. Washington Foundry, 210 Pa. 58;
Porter v. Weightman, 29 Pa. Superior Ct. 488; Keim
v. McRoberts, 18 Pa. Superior Ct. 167.

Opinion by Rice, P. J., July 15, 1914:

It appears by the mechanic's lien in question that the
plumbing for which it was filed was done by the plain-
tiff, a subcontractor, "in and about the erection" of a
building, describing it.    In fact, the work was done in

the enlargement and reconstruction of a dwelling house. The court and counsel for both parties substantially agree in their description of the building before and after reconstruction. The following, with very slight changes, is taken from the opinion of the learned judge overruling the defendant's motion for judgment non obstante veredicto. Prior to the reconstruction it was a one and one-half story frame shingle-roof building, with a one-story shed, used as a kitchen, in the rear, there being no cellar under the shed. The main building was raised from the foundation about one foot and the cellar wall built up to it. The second story, which before was little more than an attic, was raised to the full height, thus converting it into a full two-story building with an attic. The shingle roof was taken off and a slate roof was put on. The one-story shed in the rear, which was about thirteen by twenty-two feet in size, was removed altogether, and replaced by a two-story addition to the house, about thirteen by twenty-six feet in size, built over a new cellar. The second floor of the entire building as reconstructed was divided into eight rooms, all lathed and plastered, and fitted up by separate plumbing so as to render the house suitable for two families. The old stairway in the center of the building was removed and new front and back stairs were constructed, which caused some changes in the interior arrangement of the old part downstairs. A veranda was added on the front of the house, some windows were added, some others were changed, two new mantels were put in, some changes were made in the partitions, and the entire house was painted.

It is conceded by plaintiff's counsel that, if the changes and additions to the building constituted, under the law, only alterations and repairs, the plaintiff's case must fall, as no written notice was given by claimant to defendant of an intention to file a lien on or before the day claimant completed his work, as required by sec. 2 of the Act of June 4, 1901, P. L. 431. But sec. 3 of

the act provides that "A substantial addition to a structure or other improvement shall be treated as a new erection or construction thereof." And the learned judge held, inter alia, that the lien could be sustained under this clause. If, as is argued by plaintiff's counsel, it was the legislative intent merely to re-express the law as it had been held by the courts since the act of 1836, and as it existed at the time of the adoption of the constitution of 1874, this was a valid enactment. If, however, it is to be construed so as to extend the right to file a lien for erection and construction to cases not coming up to the standard established by the act of 1836, as declared by the authoritative decisions construing that act, it must be deemed to be clearly divergent from, and an advancement upon, the mechanic's lien law as it stood prior to the time when the present constitution went into effect, and, therefore, is, to that extent, in conflict with sec. 7, art. III, of the constitution: Malone v. Hosfeld, 53 Pa. Super. Ct. 134. It therefore becomes important to consider some of the decisions relative to the subject of erection and construction of buildings under the act of 1836.

In Driesbach v. Keller, 2 Pa. 77, it was said that "a substantial addition of material parts, a rebuilding upon another and larger scale, constitutes a new building, even though some portions of the old are preserved and incorporated in the new." This definition was enlarged upon in later cases, and the law was finally settled in Miller v. Hershey, 59 Pa. 64, where Justice Agnew stated the rule as follows: "The idea which runs throughout all the cases is newness of structure in the main mass of the building—that entire change of external appearance, which denotes a different building from that which gave place to it, though into the composition of the new structure some of the old parts may have entered. This newness of construction must be in the exterior, the main plan of the building, and not in its interior arrangements." This construction of the act

was recognized and applied in a long line of cases prior to the act of 1901, amongst the latest of which are: Warren v. Freeman, 187 Pa. 455, in the Supreme Court, and Caldwell v. Keating, 18 Pa. Super. Ct. 297, in this court; and also Malone v. Hosfeld, supra. It is equally well settled by these and other cases, that, where the facts are ascertained or undisputed, it is for the court to determine whether it is a case merely of alteration and repair or of a new erection. It is not the mere change of purpose of the building that makes the difference: Norris's App., 30 Pa. 122; Malone v. Hosfeld, supra. Nor is it the mere cost of the improvements, nor the extent of the alterations in the interior arrangement. In Caldwell v. Keating, supra, it was said by our Brother PORTER: "The change in the external appearance of a building resulting from such an operation has been recognized by the cases as an important element in determining newness of structure, but it is the change which indicates and results from newness of structure in the main mass of the building. The question is not to be determined from mere surface indications. A veneer of paint, or cement or sheet iron may entirely cover an old building, but it cannot make it a new structure. We must consider not only the changed appearance but the cause of it." Hence, the facts that a slate roof was put on in place of the old shingle roof, that the whole house was painted anew, that some windows were added and some others changed, would not warrant the conclusion that there was newness of structure in the main mass of the building. But these changes in the exterior are not to be considered separately, but in connection with the other more substantial changes that were made. When all are considered, we think the learned judge was right in saying, "In fact the old house lost its identity." There was newness of structure in the main mass of the building, which resulted in such change in the external appearance as denoted a different building from that which

gave place to it. As the idea was expressed in Armstrong v. Ware, 20 Pa. 519, the structure "is so completely changed that, in common parlance, it may be properly called a new building or a rebuilding." Applying the authoritative test laid down in Miller v. Hershey, we are of opinion that the lien would properly have been sustained as the law stood prior to the adoption of the constitution of 1874.

The judgment is affirmed.