## Huber, Appellant, v. Rossell et al.

Argued April 28, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

A. W. Forsyth, for appellant.

Carl E. Glock, and with him P. K. Motheral and Reed, Smith, Shaw & McClay, for appellee.

Opinion by Gawthrop, J., July 14, 1932:

This is an appeal by the plaintiff from a judgment entered on a directed verdict for defendant at a trial following the issuance of a scire facias on a mechanic's lien. It appears by the lien in question that the materials and work for which the lien was filed was furnished by the plaintiff, a subcontractor, "in the erection of the substantial addition and in the improvement of" a building heretofore erected. The building was described as "a two-story brick building about 40x42' in size." Counsel for both parties agree that

the single question presented is whether the structure which was added to the house constituted a substantial addition to it and that, if it was merely an alteration or repair, then the lien is invalid, because no notice of intention to file the claim was given on or before the day the complainant completed his work or furnished the last of his materials, as required by the Act of June 4, 1901, P. L. 41, P. S. Title 49, page 27; and because the claim was not filed within three months after the contract was completed, as is required in cases of alteration and repair.

After a careful review of the record, we are persuaded that the following statement in the opinion of the learned judge overruling the plaintiff's motion for judgment non obstante veredicto is fully justified: "The work done on the Rossell dwelling house embraced no exterior alterations to the front of the house, the two sides or the roof. The back porch on the first floor was raised up to the second floor, and on the original foundation lines of the old porch there was built up a one-story brick addition, the back porch then serving for a second-floor apartment. Further, the wall of the pantry, which before this work extended up but one floor in the rear, was extended up an additional story as a pantry for a second-floor apartment, and the dimensions of the same were seven by fourteen feet. The one-story construction on the original foundation lines of the old porch was made into a small bedroom with adjoining shower-bath and toilet. The only other change was in exterior wooden stairs erected to accommodate a change from a single dwelling to a double apartment building, with attendant partition changes and interior remodeling. As stated before, the external appearance of the building is identical except for the disclosed change in the rear."

The learned court held that on the facts which were not in dispute the alterations did not constitute a sub-

stantial addition to the house, and affirmed defendant's point for binding instructions. In this we find no error. The conclusion is justified by the precedents, notably Malone v. Hosfeld, 53 Pa. Superior Ct. 134, in which more extensive external alteration than that made in the present case was effected. As stated by Justice AGNEW in Miller v. Hershey, 59 Pa. 64, and cited with approval by President Judge RICE in Boettiger v. Weber, 57 Pa. Superior Ct. 464, 467, "the idea which runs throughout all the cases is newness of structure in the main mass of the building—that entire change of external appearance, which denotes a different building from that which gave place to it, though into the composition of the new structure some of the old parts may have entered. This newness of construction must be in the exterior, the main plan of the building, and not in its interior arrangements." It is not the mere change of the purpose of the building that makes the difference: Norris' App., 30 Pa. 122. Here there was no rebuilding on an elaborate scale, no newness of structure in the main mass of the building, and the additions did not measure up to the standard required in our cases which have held that the change effected in an old building amounted to a substantial addition to the structure.

The assignments of error are overruled and the judgment is affirmed.